# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 2-09-292-CR


SERGIO VALDEZ                                               APPELLANT
A/K/A SERGIO G. MARTINEZ

V.

THE STATE OF TEXAS                                               STATE

------------

## FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Sergio Valdez, a/k/a Sergio G. Martinez, pleaded guilty before a jury to possessing one or more but less than four grams of cocaine with intent to deliver.  The jury assessed his punishment at fifteen years' confinement with a $5000 fine, and the trial court sentenced him accordingly.

---

[1] *See* Tex. R. App. P. 47.4.

In a single point on appeal, Appellant contends that the trial court erred by failing to admonish him on the range of punishment and on the potential deportation consequences of his plea. We affirm.

On the day his case was called for trial, Appellant informed the court that he intended to plead guilty. The State concedes that although the trial court gave Appellant some admonitions before seating the venire, those admonishments did not address the range of punishment.

During voir dire, however, the attorney for the State repeatedly explained that the punishment range for the offense was between two and twenty years' confinement and that the sentence could be probated.[2] Further, when Appellant's counsel addressed the venire, he also discussed these issues, explaining that "the law provides for a range of penalty, minimum, two years; maximum, 20 years, and the possibility of probation." Finally, the trial court interjected that the venire was obligated to keep an open mind about the range of punishment and to consider that certain facts and circumstances might justify probation whereas others could warrant imposing twenty years' confinement.

When the jury was seated, the State's attorney read the indictment and Appellant entered a plea of guilty. The parties then presented their cases on punishment. The first witness for the defense was Lupe Cano, Appellant's sister-

_____

[2]The State asserts in its brief that the prosecutor repeated the top end of punishment range—twenty years—over twenty times to various members of the venire. By our count, the prosecutor mentioned the range of punishment twice and the maximum—twenty years—twenty-two times.

2

in-law. During cross-examination, she revealed that Appellant is not a U.S. citizen. When she had finished her testimony, the trial court excused the jury from the courtroom and said, "I did not realize until I just heard the testimony that the Defendant is a noncitizen; is that correct?" The State's attorney confirmed Appellant's noncitizen status, after which the following discussion took place:

THE COURT: Okay. At this time, I'm going to admonish him.

Now, Mr. Valdez, you understand or Mr. Martinez also known as Mr. Valdez, earlier – yesterday I questioned you about your entering a plea of guilty. You understand that? And you understood, sir, did you not, that you didn't have to plead guilty; that you could have pled not guilty and gone to the jury? You understood that, did you not?

THE DEFENDANT: (Moving head up and down.)

THE COURT: You're shaking your head. You'll have to answer yes or no.

THE DEFENDANT: Yes.

THE COURT: Okay. And, Mr. Valdez, have you ever been accused of being mentally incompetent in a court of law?

THE DEFENDANT: No.

THE COURT: Okay. And have you understood all your rights as your attorney has explained them to you?

THE DEFENDANT: Yes.

THE COURT: And, again, you understood that you didn't have to plead guilty, that you could have pled not guilty or no contest, correct?

THE DEFENDANT: Explain that to me.

THE COURT: You understood that you did not have to plead guilty, that you could have pled not guilty or no contest? You understood that? You'll have to answer out.

THE DEFENDANT: Yes.

THE COURT: Okay. The Court has learned that – from the testimony that you're not a citizen. As a noncitizen, you understand that a finding of guilt could result in your deportation? You'll have to answer out.

THE DEFENDANT: Yes.

THE COURT: Could result in denial of your citizenship application?

THE DEFENDANT: Yes.

THE COURT: It could result in the – that your reentry into the United States could be denied if you ever left the country voluntarily. Did you understand that?

THE DEFENDANT: Yes.

THE COURT: And, Mr. Powers, is that something you had previously discussed with your client?

MR. POWERS [Counsel for Appellant]: At length, Your Honor, yes. And we have been in contact with the immigration attorney and been trying to coordinate certain legal aspects related to his defense because of this issue of noncitizenship and the pending application for his visa.

THE COURT: Okay. So you had admonished Mr. Valdez, Mr. Martinez prior to his entering his plea of guilty of those consequences of entering a plea of guilty and a finding of guilt?

MR. POWERS: Absolutely.

THE COURT: Is that correct, Mr. Valdez Martinez?

THE DEFENDANT: Yes.

4

Code of Criminal Procedure article 26.13 requires that, prior to accepting a plea of guilty or nolo contendere, the trial court shall admonish the defendant on the range of punishment and the effect that a conviction might have on a non-citizen. Tex. Code Crim. Proc. art. 26.13(a)(1), (4) (Vernon Supp. 2009); *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). Substantial compliance is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the court's admonishment. Tex. Code Crim. Proc. art. 26.13 (c).

Appellant claims that the trial court erred by failing to admonish him regarding the range of punishment or the potential deportation consequences of his guilty plea. Although appellant did not raise these claims with the trial court, complaints that the trial court failed to issue proper admonishments may be raised for the first time on appeal. *Bessey*, 239 S.W.3d at 813**.**

The State concedes that the trial court did not properly admonish appellant as to the range of punishment and that although the trial court did admonish him on the possible deportation consequences of his plea, that admonishment was late in coming. Nonetheless, the State contends, appellant suffered no harm as a result because it is clear from the record that appellant was well aware of the range of punishment as well as the potential deportation consequences. We agree.

A trial court's failure to give a proper admonition is subject to a rule 44.2(b) harm analysis. *Id*. That rule states that: "Any other [than constitutional] error,

5

defect, irregularity, or variance that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b); *Bessey*, 239 S.W.3d at 813 (footnote omitted). In applying Rule 44.2(b) to a failure to admonish, we consider the record as a whole to determine whether, in the particular case, the error affected the appellant's substantial rights. *Bessey*, 239 S.W.3d at 813; *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). If it did, it is not harmless error. *Bessey*, 239 S.W.3d at 813.

A defendant is deemed to have notice of the punishment range, and the trial court's failure to admonish on the punishment range does not affect the defendant's substantial rights where the attorneys, with the defendant present, explain the specific range of punishment to the venire during voir dire. *Garcia v. State*, No. 2-09-164-CR, 2010 WL 1633412 at *1 (Tex. App.–Fort Worth Apr. 22, 2010, no pet.) (mem. op., not designated for publication) (*citing Moore v. State*, 278 S.W.3d 444, 447 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (holding failure to admonish on punishment range did not affect substantial rights when defendant was present while attorneys explained punishment range to venire during voir dire)); *Stevens v. State*, 278 S.W.3d 826, 827-28 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd) (holding that when defendant testified that his attorney had informed him of the punishment range, that he understood it, and where trial court and defense counsel had explained the punishment range to the venire in defendant's presence, trial court's failure to specifically admonish defendant as to the punishment range was harmless); *Slaughter v. State*, No. 2-

6

07-050-CR, 2007 WL 3120688 at *6 (Tex. App.–Fort Worth Oct. 25, 2007, no pet.) (mem. op., not designated for publication) (holding failure to admonish on punishment range harmless where attorneys for both sides explained the issue during voir dire); *Gamble v. State*, 199 S.W.3d 619, 622 (Tex. App.–Waco 2006, no pet.) (holding prosecutor's explaining punishment range to defendant at trial court's direction and attorneys' discussion of punishment range during voir dire rendered harmless trial court's failure to admonish on punishment range); *See Burnett v. State*, 88 S.W.3d 633, 635, 640 (Tex. Crim. App. 2002) (holding where record was "replete with statements concerning the applicable range of punishment," trial court's failure to admonish on the issue, although clearly erroneous, was harmless).

The record shows that the attorneys for both sides thoroughly went over the punishment range with the venire during voir dire in Appellant's presence. Appellant, therefore, had notice of the punishment range before he entered his plea in front of the jury. Consequently, we hold that the trial court's failure to admonish Appellant on the punishment range did not affect Appellant's substantial rights and we disregard it. *See* Tex. R. App. P. 44.2(b); *Burnett*, 88 S.W.3d at 641; *Moore*, 278 S.W.3d at 447.

The record also shows that Appellant was well aware of the deportation consequences of his guilty plea before he entered his plea. Counsel for Appellant reported to the trial court that he had discussed the immigration consequences of Appellant's plea with Appellant "at length" and that they had

7

been working with Appellant's immigration attorney in handling the immigration issues related to Appellant's case. Further, Appellant agreed with the trial court that Appellant's counsel had admonished him prior to his entering a guilty plea.

Considering the record as a whole, we have fair assurance that no substantial right was affected by the trial court's error in failing to admonish Appellant regarding the range of punishment or the potential deportation consequences. *See Bessey*, 239 S.W.3d at 814. By the standard of Rule 44.2(b), the error was harmless.

Having overruled Appellant's sole point on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

PUBLISH

DELIVERED: September 16, 2010