02-10-309-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00309-CR

 

 


 
 
 John Matthew Sweatman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 90th
District Court OF Young COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
John Matthew Sweatman was indicted for the offense of felony driving while
intoxicated (DWI), having twice previously been convicted of DWI.  The indictment
also alleged that Sweatman had used a deadly weapon—an automobile—during the
commission of the offense.  Sweatman entered an open plea of guilty to the
offense and pleaded true to the first enhancement paragraph alleged in the
indictment.  The trial court admonished Sweatman about the consequences of his
guilty plea, found him guilty, and found the first enhancement paragraph true.  After
a punishment hearing, the trial court made an affirmative finding of a deadly
weapon and sentenced him to sixteen years’ confinement and a $5,000 fine.  Sweatman
appeals, arguing in a single issue that the trial court failed to admonish him
that a deadly weapon finding would affect his eligibility for parole and that
this failure caused his plea to be involuntary.

Texas
Code of Criminal Procedure article 26.13 requires that the trial court, prior
to accepting a guilty plea, admonish the defendant of five things, including “the
range of punishment attached to the offense.”  Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon Supp. 2010).  Additionally, article 26.13 provides, “No plea
of guilty . . . shall be accepted by the court unless it appears that the
defendant is mentally competent and the plea is free and voluntary.”  Id.
art. 26.13(b).

Although
Sweatman did not raise his argument in the trial court, complaints that the
trial court failed to give proper admonishments may be raised for the first
time on appeal.  See Bessey v. State, 239 S.W.3d 809, 812 (Tex.
Crim. App. 2007); Valdez v. State, 326 S.W.3d 348, 351 (Tex. App.—Fort
Worth 2010, no pet.).  However, contrary to Sweatman’s contention on appeal, article
26.13 contains no requirement that the trial court admonish a defendant that a
deadly weapon finding would affect his parole eligibility.  See Tex.
Code Crim. Proc. Ann. art. 26.13.  Parole eligibility is a collateral
consequence of the entry of a guilty plea; a trial court is not required to
admonish a defendant of the collateral consequences of his guilty plea, and any
failure to so admonish does not render the plea involuntary.  See Anderson
v. State, 182 S.W.3d 914, 917–18 (Tex. Crim. App. 2006) (holding that trial
court is required to admonish defendant “only about those direct consequences
that are punitive in nature”); Ex parte Young, 644 S.W.2d 3, 4, 5 (Tex. Crim.
App. 1983) (holding that parole eligibility is collateral consequence of guilty
plea), overruled on other grounds by Ex parte Evans, 690 S.W.2d
274 (Tex. Crim. App. 1985); see also State v. Jimenez, 987 S.W.2d
886, 888 (Tex. Crim. App. 1999) (holding that guilty plea “will not be rendered
involuntary by lack of knowledge as to some collateral consequence”).

Because
parole eligibility is a collateral consequence of Sweatman’s guilty plea, the
trial court was not required to admonish him in that regard and its failure to
do so did not render Sweatman’s plea involuntary.  See Bell v. State,
256 S.W.3d 465, 469 (Tex. App.—Waco 2008, no pet.) (so holding); Papke v.
State, 982 S.W.2d 464, 467 (Tex. App.—Austin 1998, pet. ref’d, untimely
filed) (explaining that an affirmative deadly weapon finding affects only the
defendant’s parole eligibility, not the assessment of his punishment).  Therefore,
we overrule Sweatman’s sole issue and affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  April 21, 2011









[1]See Tex. R. App. P. 47.4.