

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00309-CR

JOHN MATTHEW SWEATMAN                                      APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant John Matthew Sweatman was indicted for the offense of felony driving while intoxicated (DWI), having twice previously been convicted of DWI. The indictment also alleged that Sweatman had used a deadly weapon—an automobile—during the commission of the offense. Sweatman entered an open plea of guilty to the offense and pleaded true to the first enhancement paragraph alleged in the indictment. The trial court admonished Sweatman about the

---

[1]*See* Tex. R. App. P. 47.4.

consequences of his guilty plea, found him guilty, and found the first enhancement paragraph true. After a punishment hearing, the trial court made an affirmative finding of a deadly weapon and sentenced him to sixteen years' confinement and a $5,000 fine. Sweatman appeals, arguing in a single issue that the trial court failed to admonish him that a deadly weapon finding would affect his eligibility for parole and that this failure caused his plea to be involuntary.

Texas Code of Criminal Procedure article 26.13 requires that the trial court, prior to accepting a guilty plea, admonish the defendant of five things, including "the range of punishment attached to the offense." Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2010). Additionally, article 26.13 provides, "No plea of guilty . . . shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary." *Id.* art. 26.13(b).

Although Sweatman did not raise his argument in the trial court, complaints that the trial court failed to give proper admonishments may be raised for the first time on appeal. *See Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007); *Valdez v. State*, 326 S.W.3d 348, 351 (Tex. App.—Fort Worth 2010, no pet.). However, contrary to Sweatman's contention on appeal, article 26.13 contains no requirement that the trial court admonish a defendant that a deadly weapon finding would affect his parole eligibility. *See* Tex. Code Crim. Proc. Ann. art. 26.13. Parole eligibility is a collateral consequence of the entry of a

guilty plea; a trial court is not required to admonish a defendant of the collateral consequences of his guilty plea, and any failure to so admonish does not render the plea involuntary. *See Anderson v. State*, 182 S.W.3d 914, 917–18 (Tex. Crim. App. 2006) (holding that trial court is required to admonish defendant "only about those direct consequences that are punitive in nature"); *Ex parte Young*, 644 S.W.2d 3, 4, 5 (Tex. Crim. App. 1983) (holding that parole eligibility is collateral consequence of guilty plea), *overruled on other grounds by Ex parte Evans*, 690 S.W.2d 274 (Tex. Crim. App. 1985); *see also State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999) (holding that guilty plea "will not be rendered involuntary by lack of knowledge as to some collateral consequence").

Because parole eligibility is a collateral consequence of Sweatman's guilty plea, the trial court was not required to admonish him in that regard and its failure to do so did not render Sweatman's plea involuntary. *See Bell v. State*, 256 S.W.3d 465, 469 (Tex. App.—Waco 2008, no pet.) (so holding); *Papke v. State*, 982 S.W.2d 464, 467 (Tex. App.—Austin 1998, pet. ref'd, untimely filed) (explaining that an affirmative deadly weapon finding affects only the defendant's parole eligibility, not the assessment of his punishment). Therefore, we overrule Sweatman's sole issue and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

3

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 21, 2011