

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00400-CR

JASON CHEYENN PENDER                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jason Cheyenn Pender appeals from his conviction for robbery.
We affirm.

## I.  BACKGROUND

In July 2012, Appellant robbed Jeremy Westerlund.  A grand jury indicted
Appellant with aggravated robbery with a deadly weapon and robbery by threat.

---

[1]See Tex. R. App. P. 47.4.

*See* Tex. Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (West 2011).  Before trial, the State waived the aggravated-robbery count.  Appellant then pleaded guilty to robbery, without a plea-bargain agreement.  Appellant assured the trial court that he was "pleading guilty because [he was] guilty and for no other reason."  Appellant then asked that the jury assess his punishment.  *See* Tex. Code Crim. Proc. Ann. art. 26.14 (West 2009).

Appellant pleaded guilty before the jury and, during the punishment hearing, the State called Alicia Rairden, a latent-print examiner for the Fort Worth Police Department.  Appellant objected to Rairden's testimony and argued that she was not properly qualified as an expert in fingerprint analysis.  The trial court overruled the objection, and Rairden testified that latent fingerprints found on the gun used in the robbery matched Appellant's fingerprints.

The jury assessed Appellant's punishment at 15 years' confinement and a $10,000 fine, and the trial court sentenced Appellant accordingly.  Appellant now appeals and asserts that (1) his guilty plea was involuntary because he was not properly admonished and (2) the trial court abused its discretion by allowing Rairden to testify as an expert.

## II.  DISCUSSION

### A.  ADMONISHMENTS

In Appellant's first issue, he contends that his guilty plea was involuntary because the trial court failed to admonish him as required under article 23.16, which deprived him of his due-process rights under the United States

2

Constitution and due-course-of-law rights under the Texas Constitution. *See* U.S. Const. amend. V; Tex. Const. art. I, § 13; Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2013).

## 1. Issue to be Addressed

We will not address two components of Appellant's first issue. Appellant briefed this issue only under article 26.13 and the effect that the lack of those admonishments had on his due-process rights under the United States Constitution. Appellant did not separately brief his issue under the Texas Constitution. Therefore, we do not consider whether the trial court's failure to admonish Appellant under article 26.13 violated his rights under the Texas Constitution. *See Dewberry v. State*, 4 S.W.3d 735, 744 (Tex. Crim. App. 1999) ("[A]ppellant fails to distinguish his rights under the Texas Constitution from that of the federal constitution . . . . Therefore, we only address whether appellant's rights under the United States Constitution were violated . . . ."), *cert. denied*, 529 U.S. 1131 (2000).

Likewise, his claim under the Due Process Clause is inadequately briefed. Whether article 26.13 and due process were violated are two, separate inquiries. *See Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013). By arguing that the absence of the required article 26.13 admonishments rendered his plea involuntary and violated his due-process rights, Appellant improperly conflates these two standards and presents nothing for our review regarding the Due Process Clause. *See, e.g., Sherrill v. State*, No. 06-05-00159-CR, 2005 WL

3

3555581, at *3 n.3 (Tex. App.—Texarkana Dec. 30, 2005, no pet.) (mem. op., not designated for publication) (holding single issue asserting that absence of article 26.13 admonishments both rendered appellant's plea involuntary and violated his due-process rights was multifarious). Thus, we will address Appellant's first issue as he substantively briefed it—as an issue attacking the voluntariness of his plea based on the absence of the statutory admonishments.

### 2. Standard of Review for Absence of Article 26.13 Admonishments

Article 26.13 provides that before accepting a plea of guilty, the trial court shall admonish the defendant orally or in writing of (1) the applicable range of punishment, (2) the fact that the State's recommendation as to punishment is not binding on the trial court, (3) the limitation on appeal if the punishment assessed does not exceed that recommended by the State, (4) the deportation consequences of the conviction, and (5) the sex-offender-registration requirements applicable to a defendant "convicted of or placed on deferred adjudication for an offense for which a person is subject to registration." Tex. Code Crim. Proc. Ann. art. 26.13(a), (d). Because Appellant pleaded guilty without a sentencing recommendation from the State, the admonishments regarding the effects of a plea-bargain agreement on the trial court and on the right to appeal do not apply. Tex. Code Crim. Proc. Ann. art. 26.13(a)(2)–(3). Also, the sexual-offender-registration admonishment did not apply to the charge of robbery or aggravated robbery. *Id.* art. 26.13(a)(5). Therefore, the applicable

4

article 26.13 requirements are the admonishments regarding the range of punishment and the possibility of deportation. *Id.* art. 26.13(a)(1), (4).

Substantial compliance with these requirements is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed. *Id.* art. 26.13(c). A total failure to deliver a required admonishment is not substantially compliant and is, therefore, error; however, such a failure is subject to a harmless-error analysis under rule 44.2(b) as non-constitutional error. Tex. R. App. P. 44.2(b); *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007); *Aguirre-Mata v. State*, 125 S.W.3d 473, 473, 475–76 (Tex. Crim. App. 2003); *High v. State*, 964 S.W.2d 637, 638 (Tex. Crim. App. 1998). "[T]o warrant a reversal on direct appeal, the record must support an inference that appellant *did not know* the consequences of his plea." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). We must determine independently whether the trial court's failure to admonish Appellant about the punishment range and the deportation consequences of his plea materially affected his decision to plead guilty and, thus, affected his substantial rights. *See id.* at 639. Neither Appellant nor the State bear any burden of proof on this issue. *See VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).

### a. Punishment range

At a pretrial status conference that occurred more than seven months before trial, Appellant was informed that the range of punishment for aggravated robbery was life or a term of not more than 99 years' or less than 5 years'

confinement with a fine not to exceed $10,000. It was noted that the State was not offering a plea bargain at that time because a "previous offer was rejected." As recounted above, the State later waived the aggravated-robbery count, and Appellant pleaded guilty to robbery. The trial court asked Appellant if he was pleading guilty solely because he was guilty and for no other reason, which Appellant confirmed. During voir dire and before Appellant entered his guilty plea, the State and Appellant's counsel repeatedly and correctly informed the venire that the applicable punishment range was "two years to 20 years in the penitentiary." *See* Tex. Penal Code Ann. §§ 12.33(a), 29.02(b). In their closing arguments, the State and Appellant's counsel again informed the jury that the range of punishment was two to twenty years' confinement. In the court's charge to the jury, the trial court stated that it had "admonished [Appellant] of the consequences" of his guilty plea and instructed that the available punishment range was two to twenty years' confinement with a possible fine not to exceed $10,000. Appellant did not object to any portion of the charge.

Appellant was present for each of these instances in which the punishment range for robbery was mentioned. Further, he previously was informed that he would be subject to a possible $10,000 fine with a conviction for aggravated robbery. This is the fine applicable to a robbery conviction as well. *See* Tex. Penal Code Ann. §§ 12.32(b), 12.33(b). At no time did Appellant or his counsel object or attempt to withdraw Appellant's guilty plea based on the stated range of punishment. The record, therefore, does not suggest that Appellant was

6

unaware of the applicable punishment range and contains no indication that Appellant did not know the punishment he would be subject to. *See Burnett*, 88 S.W.3d at 638–39. Although an express acknowledgment by Appellant that he was specifically aware of the applicable punishment range would be "helpful," the lack of such evidence alone does not show that Appellant was unaware of the consequences of his plea. *Id.* at 641. We conclude that Appellant's substantial rights were not affected—thus, he was not harmed—by the absence of an express admonishment under article 26.13(a)(1) by the trial court. *See, e.g.*, *Davison*, 405 S.W.3d at 689; *Aguirre-Mata*, 125 S.W.3d at 476–77; *Valdez v. State*, 326 S.W.3d 348, 351–52 (Tex. App.—Fort Worth 2010, no pet.) (mem. op.). We, accordingly, disregard the error. *See* Tex. R. App. P. 44.2(b).

### b. Deportation consequences

Similarly, Appellant's substantial rights were not affected by the trial court's failure to admonish him of the deportation consequences of his guilty plea. The failure to admonish a defendant as required under article 26.13(a)(4) is harmless when the defendant is a United States citizen because the threat of deportation could not have influenced the defendant's decision to plead guilty. *VanNortrick*, 227 S.W.3d at 713. Although an assumption that Appellant is a citizen would be improper, we may make reasonable inferences from facts in the record. *See Fakeye v. State*, 227 S.W.3d 714, 716–17 (Tex. Crim. App. 2007); *VanNortrick*, 227 S.W.3d at 710–11.

7

Appellant had a social-security number as a juvenile, a Texas identification card, and a Texas driver's license. Appellant grew up in the United States, living in Texas and Alaska, and the majority of his family lives in Texas. Appellant had worked for large corporations—Hummer and Goodyear—in the past. Appellant had two prior convictions that would have subjected him to deportation if he had not been a United States citizen. As part of each of these prior convictions, Appellant affirmed that he was aware of the consequences of his pleas after receiving written admonishments that his convictions could subject him to deportation if he were not a citizen. Following these acknowledgements, Appellant pleaded guilty in each case. Appellant did not need an interpreter at trial. This record evidence, considered as a whole, supports the reasonable inference that Appellant is a United States citizen. *See, e.g.*, *Burton v. State*, No. 2-06-279-CR, 2007 WL 3037840, at *2–3 (Tex. App.—Fort Worth Oct. 18, 2007, pet. ref'd) (mem. op., not designated for publication); *Gamble v. State*, No. 10-05-00044-CR, 2007 WL 2127337, at *1 (Tex. App.—Waco July 25, 2007, pet. ref'd) (mem. op., not designated for publication); *cf.* 43 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 40:34 (3d ed. 2011) ("The question is not the actual status of the defendant, it is the historical and necessarily speculative question of whether the failure to admonish the defendant may have affected the defendant's decision to plead guilty, an issue that depends on the evidence found in the existing record.") Therefore, Appellant was not harmed by the absence of the article 26.13(a)(4)

8

admonishment. *See VanNortrick*, 227 S.W.3d at 709, 713. We overrule Appellant's first issue.

## B. ADMISSION OF EXPERT TESTIMONY

In his second issue, Appellant argues that the trial court abused its discretion by allowing Rairden to testify. Appellant challenges Rairden's qualifications and the reliability of Rairden's methodology. *See* Tex. R. Evid. 702, 705(c). At trial, however, Appellant objected to Rairden's testimony solely on the basis that she was not qualified to testify regarding fingerprint analysis. Appellant's qualification objection did not preserve his complaint on appeal attacking the reliability of Rairden's methodology. *See Vela v. State*, 209 S.W.3d 128, 131 (Tex. Crim. App. 2006); *Turner v. State*, 252 S.W.3d 571, 584 n.5 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd), *cert. denied*, 555 U.S. 1179 (2009). Appellant's reliability issue has been forfeited, and we will only address Appellant's argument regarding Rairden's qualifications.

A person may be qualified to testify as an expert "by knowledge, skill, experience, training, or education." Tex. R. Evid. 702. Our qualification inquiry asks whether the witness has a sufficient background in a particular field and whether that background goes to the very matter on which she will give an opinion. *Vela*, 209 S.W.3d at 131. We are to focus on whether the expert's background is "tailored to the specific area of expertise in which the expert desires to testify." *Id.* at 133. "Because the possible spectrum of education, skill, and training is so wide, a trial court has great discretion in determining whether a

9

witness possesses sufficient qualifications to assist the jury as an expert on a specific topic in a particular case." *Rodgers v. State*, 205 S.W.3d 525, 527–28 (Tex. Crim. App. 2006). In determining whether an abuse of discretion occurred, we look to the complexity of the expert's field, the conclusivity of the opinion, and the dispositive nature of the testimony to the disputed issues. *Id.* at 528. The expert's qualifications are less important if the complexity, conclusivity, and dispositive nature of the expert's opinion is low. *Id.*

Latent-print comparison is not scientifically complex. *Id.* Rairden testified that the latent prints matched Appellant's fingerprints on twelve, fourteen, and seventeen points, which led her to conclude the latent prints were Appellant's. Rairden's testimony was not central to the resolution of the issue before the jury. Her testimony addressed whether Appellant had committed the robbery to which he had already pleaded guilty. The jury was not tasked with determining Appellant's guilt but merely his punishment. The *Rodgers* factors instruct us, therefore, that Rairden's level of qualification to testify as an expert is not required to be of a high degree. *Id.*

Rairden testified that she had worked in fingerprint comparison for almost five years and had taken "over 40 hours" of courses relating to fingerprint analysis. She has an undergraduate degree in forensic and investigative sciences and was "more than halfway through" the coursework for obtaining a master's degree in forensic science and forensic toxicology. Rairden has done more than 2,000 fingerprint comparisons for the Fort Worth Police Department

10

with none being found to be in error under peer review. Appellant focuses on the fact that Rairden testified she had not been certified as a latent-print examiner by the International Association for Identification. But based on our determination that a lower threshold of exactitude is applied to Rairden's qualifications under *Rodgers* and on the extensive nature of Rairden's experience, training, and education in fingerprint analysis, we cannot conclude that the trial court abused its discretion in admitting her testimony. *See, e.g.*, *id.* at 529–33; *Martin v. State*, No. 03-09-00442-CR, 2010 WL 5129085, at *4–5 (Tex. App.—Austin Dec. 15, 2010, no pet.) (mem. op., not designated for publication); *Bryant v. State*, 340 S.W.3d 1, 9–10 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Rodriguez v. State*, No. 13-98-205-CR, 1999 WL 33757550, at *3–4 (Tex. App.—Corpus Christi Oct. 21, 1999, no pet.) (not designated for publication). We overrule Appellant's second issue.

### III.  CONCLUSION

Considering the record as a whole, we have fair assurance based on reasonable inferences derived from the record evidence that no substantial right was affected by the trial court's failure to admonish Appellant regarding the range of punishment for robbery or the potential deportation consequences. *See Bessey*, 239 S.W.3d at 814. Therefore, the error was harmless, and we disregard it. *See* Tex. R. App. P. 44.2(b). Further, the trial court did not abuse its broad discretion in admitting Rairden's testimony. We overrule Appellant's issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel
LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DAUPHINOT, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 8, 2014