

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1401-06

**DAVID JOHN BESSEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SIXTH COURT OF APPEALS
## UPSHUR COUNTY

 MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. JOHNSON, J., filed a concurring and dissenting opinion, in which WOMACK, J., joined.

## O P I N I O N

 The issue in this case is whether an appellant may raise the issue of improper admonishments regarding a plea of guilty without having made an objection or raising the issue at trial. Appellant was charged by indictment with three counts of sexual assault and one count of injury to a child.[1] Appellant initially pled not guilty, but changed his

---

[1] The indictment contained ten counts, six of which were abandoned by the State.

plea to guilty after the jury had been sworn. The trial court admonished Appellant regarding the punishment range for the offenses and the effects a guilty plea might have on a non-citizen, but failed to fully admonish him regarding the consequences of his guilty plea. The jury found Appellant guilty on all counts, and Appellant appealed. The court of appeals affirmed the conviction, holding that the trial court's incomplete admonishment could not be raised for the first time on appeal. *Bessey v. State*, 199 S.W.3d 546, 552 (Tex. App.– Texarkana 2006). We granted review to clarify this area of the law. We affirm the decision, but not the reasoning of the court of appeals.

**FACTS**

Appellant was charged with three counts of aggravated sexual assault of a child, a first-degree felony, and one count of injury to a child, a second-degree felony. Prior to accepting Appellant's pleas, the trial court admonished Appellant as to the range of punishment for his charges and the effects a guilty plea might have on a non-citizen. Appellant chose to remain silent during the arraignment proceedings, so the trial court entered not guilty pleas on Appellant's behalf. After the jury was sworn and empaneled, Appellant changed his plea to guilty for each of the counts. The trial court accepted Appellant's pleas, and the issue of punishment was submitted to the jury. The jury found appellant guilty on all counts and sentenced him to imprisonment for life and a $10,000 fine for each count of sexual assault and to twenty years' imprisonment and a $10,000 fine for the count of injury to a child. The trial judge ordered that the sentences be served

consecutively.

Appellant raised several points of error on appeal, including that the trial court failed to properly admonish him regarding the consequences of his plea, specifically the sex-offender registration requirement. The court of appeals acknowledged that the trial court had failed to fully comply with the requirements of Texas Code of Criminal Procedure Article 26.13,[2] but held that such error must be preserved in the trial court by raising an objection or in a motion for new trial. The court of appeals overruled the point of error and affirmed the conviction, holding that Appellant had not preserved the issue for appellate review. *Bessey*, 199 S.W.3d at 552. Appellant filed a petition for discretionary review. We granted review to determine whether an appellant may raise the issue of improper admonishments regarding a plea of guilty for the first time on appeal, without objecting or raising the issue at trial.

## ANALYSIS

The court of appeals noted the trial court's error in failing to properly admonish Appellant, but held that failure to comply with Article 26.13 may not be raised for the first time on appeal. Article 26.13 requires that, prior to accepting a plea of guilty or nolo contendere, the court shall admonish the defendant of five things: (1) the range of punishment attached to the offense, (2) certain aspects of the law on plea-bargain agreements, (3) the effect that a plea-bargain agreement may have on the right of appeal,

---

[2] Subsequent references to "Article" or "Articles" refer to the Texas Code of Criminal Procedure.

(4) the effect that a conviction might have on a non-citizen, and (5) the fact that a defendant will have to register as a sex offender if convicted of, or placed on deferred adjudication for, any of the sexual offenses listed in Chapter 62 of the Code of Criminal Procedure.

Appellant asserts that a defendant need not object at trial to preserve admonishment error. The State responds that the court of appeals correctly held that Appellant did not preserve the issue for appeal. The State further argues that the duty to register as a sex offender is a collateral consequence of Appellant's guilty pleas, and the trial court's failure did not render his pleas involuntary.[3] Finally, the State argues that any error was harmless.

## PRESERVATION OF ERROR

Errors may be raised for the first time on appeal if the complaint is that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004), *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993). A defendant's right to be properly admonished is a waivable-only right. This is because the court has a statutory duty to properly admonish defendants as described by Article 26.13.

---

[3] We have previously addressed both of these arguments. Sex-offender registration is not a collateral consequence of a defendant's guilty plea, rather it is a direct, non-punitive consequence. *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). Additionally, failure to admonish an appellant as to the sex offender registration requirement does not render his plea involuntary. *Id.* (citing *Mitschke v. State*, 129 S.W.3d 130, 136 (Tex. Crim. App. 2004)).

"A law that puts a duty on the trial court to act *sua sponte*, creates a right that is waivable only. It cannot be a law that is forfeited by a party's inaction." *Mendez*, 138 S.W.3d at 343. Thus, a court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived.

The court of appeals based its holding on a failure to admonish case decided by the Texarkana Court of Appeals, *Rhea v. State*. 181 S.W.3d 478, 484 (Tex. App.—Texarkana 2005, pet. ref'd). In *Rhea*, the appellant appealed his conviction for sexual assault, contending that the trial court had committed reversible error by failing to admonish him as required by 26.13 and specifically by failing to admonish him regarding the sex-offender registration requirement. *Id.* at 483. The *Rhea* court held that complaints about failure to admonish must be preserved in accordance with Texas Rule of Appellate Procedure 33.1. However, as we explained above, a defendant's right to be properly admonished need not be raised at trial to be preserved. "[W]e think it far more consistent with the overall structure of our adversary system that litigants not be required by Rule [33.1(a)][4] to do more for the preservation of their complaints on appeal than they must do at trial to secure benefits of the law to which they are entitled." *Marin*, 851 S.W.2d at 278; *see also Mendez*, 138 S.W.3d at 343 (quoting this passage from *Marin*). The defendant need make no request at trial for the implementation of his right to proper

---

[4] *Marin* discussed the predecessor to Rule 33.1(a), Rule 52(a). Rule 52(a) was rewritten and renumbered as 33.1(a) in 1997, but its requirements did not change in any way that is material to this case. *See Mendez*, 138 S.W.3d at 343.

admonition. Thus, he need not act at trial to preserve his complaint of a failure to admonish. Appellant is entitled to assert his claim on appeal regarding the trial court's failure to properly admonish him, despite not having made the claim in the trial court.

**HARMLESS ERROR**

A trial court's failure to properly admonish a defendant is subject to the harm analysis of Rule of Appellate Procedure 44.2(b): "Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."[5] In applying Rule 44.2(b) to the failure to give an admonition, the court considers the record as a whole to determine whether, in this particular case, the error affected substantial rights. *Anderson v. State*, 182 S.W.3d 914, 918 (Tex. Crim. App. 2006). If it did, it is not harmless error. In *Anderson*, we considered the strength of the evidence of guilt; whether the record indicates that the appellant was aware of the requirement; and whether the omitted admonition actually applied to the appellant's situation. *Id*. at 919-921.

In the case before us, the State presented substantial evidence of guilt. The victim testified as to the events, and the State introduced a video of Appellant engaging in the charged acts. The State also presented 404(b) evidence regarding other children who had

---

[5]As the dissent correctly points out, our custom normally is to remand the case to the court of appeals for a harm analysis. However, because of the unique circumstances of the type of admonishment error, and the manner in which Appellant has brought the appeal, we feel that judicial economy directs us to proceed to perform our own harm analysis. *See McDonald v. State*, 179 S.W.3d 571 (Tex. Crim. App. 2005).

allegedly been abused by Appellant. Those children testified, and the State produced video evidence of Appellant engaging in sexual conduct with those children. The defense presented no evidence that Appellant was not guilty, but tried to mitigate the damaging effect of the evidence. The defense counsel said in his opening statements at punishment that the evidence would show that Appellant was guilty, but that he hoped the jury would take into account the possibility of rehabilitation. Although there was significant evidence of guilt, that alone does not support a finding that Appellant's decision to plead guilty would not have changed if he had been properly admonished.

We also searched the record for any indication that Appellant was aware of the requirement, despite the trial court's failure to properly admonish him. If an appellant was already aware of the registration requirement, the effect of the court's error on his decision to plead guilty would be much less. However, here there is no indication in the record that Appellant was aware of the registration requirement. And, as we stated in *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002), a silent record supports the inference that the appellant did not know the consequences of his plea. Although there is nothing to suggest that Appellant knew about the registration requirement, he has not claimed at any point in his appeal that his guilty plea was involuntary due to the court's failure to admonish him that he would be required to register as a sex offender.

Finally, we looked at the record to determine whether the omitted admonition actually applied to Appellant's situation. In some failure to admonish cases, the omitted

admonition does not affect the appellant. For example, when a court has failed to admonish a defendant on the immigration consequences of a conviction, we have held that the error was harmless where the record showed that the appellant was a U.S. citizen because that particular admonition does not apply to that appellant. *Anderson*, 182 S.W.3d at 919. In this case, the omitted admonition regarding the sex-offender registration requirement does apply to Appellant in that he was charged with a an offense for which a person is subject to registration. However, based on the cumulation of the sentences in this case, the omitted admonition regarding the sex-offender registration requirement does not apply to or affect Appellant. Because the jury sentenced Appellant to the maximum sentence for each offense and the judge ordered that the sentences be served consecutively, Appellant will not even be eligible for parole until he has served 100 years of his sentence. As a result, it appears that Appellant may never be released from prison and thus would not be subject to the sex-offender registration requirement as mandated by Article 26.13(a)(5). Therefore, Appellant was not harmed by the trial court's failure to inform him of the registration requirement.

Considering the record as a whole, we have fair assurance that no substantial right was affected by the trial court's error in failing to admonish Appellant regarding the sex-offender registration requirement. By the standard of Rule of Appellate Procedure 44.2(b), the error was harmless.[6]

---

[6] Effective September 2005, the 79th Legislature amended Article 26.13(h) which now states,"[t]he court must substantially comply with Subsection (a)(5). The failure of the court to

**CONCLUSION**

On appeal, an appellant may raise the issue of improper admonishments regarding a plea of guilty without having made an objection or raising the issue at trial. However, such an error is subject to a harm analysis. After considering the record, we determine that no substantial right was affected by the trial court's error in failing to admonish this Appellant. By the standard of Rule of Appellate Procedure 44.2(b), the error was harmless. The judgment, but not the reasoning, of the court of appeals is affirmed.

Meyers, J.

Delivered: November 14, 2007

Publish

---

comply with Subsection (a)(5) is not a ground for the defendant to set aside the conviction, sentence, or plea." The legislature noted that the change in law applies only to pleas entered on or after the effective date of the Act, September 1, 2005. *See* Section 4.03 of Acts 2005, 79th Leg., ch 1008. Appellant's appeal is governed by the old statute, which stated that "[b]efore accepting a plea of guilty or nolo contendere from a defendant described by Subsection (a)(5), the court shall ascertain whether the attorney representing the defendant has advised the defendant regarding registration requirements under Chapter 62." We do not address the proper harm analysis under the current 26.13(h) for a failure to admonish regarding sex-offender registration.