

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

---

**NO. 2-08-092-CR**

---

JUAN GARCIA                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

**Introduction**

Appellant Juan Garcia appeals his conviction for driving while intoxicated (DWI), a third degree felony. *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2008). In his sole point, he contends that the trial court erred by not admonishing him of the correct range of punishment before he pled guilty. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background Facts

A Tarrant County grand jury indicted Garcia for DWI.[2] Garcia waived a jury trial, waived his constitutional rights, and entered an open guilty plea. The trial court found Garcia guilty, convicted him, and sentenced him to ten years' confinement (probated) and a $1,500 fine. Garcia filed his notice of this appeal.

## Article 26.13 Admonishment

In his only point, Garcia asserts that his conviction should be reversed because the trial court failed to admonish him as to the correct range of punishment under article 26.13 of the code of criminal procedure, and his plea was therefore allegedly involuntary. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 2009). Specifically, Garcia contends that the trial court failed to inform him that the range of punishment included a possible fine not to exceed $10,000.

Article 26.13 requires a trial court, prior to accepting a guilty plea, to notify a defendant of various facts and conditions related to the plea. *See id.*; *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007). The trial court's failure to comply with such requirements may be raised for the first time

---

[2] Garcia's indictment contained a paragraph alleging that he had two previous DWI convictions.

on appeal. *See Bessey,* 239 S.W.3d at 812–13 (characterizing admonishments under article 26.13 as a "waivable-only right," meaning that it "cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived").

We conclude that the trial court did not err because it did admonish Garcia under article 26.13(a)(1) in a document titled, "Written Plea Admonishments" (WPA). In the WPA, the box for "Third Degree Felony" is checked and the range of punishment is described as two to ten years' confinement and additionally "a fine not to exceed $10,000." Garcia and his counsel both signed the WPA, and his counsel affirmed that he had "fully reviewed and explained the above and foregoing court admonishments . . . to [Garcia]."

Thus, we hold that the trial court properly admonished Garcia about his range of punishment, and because Garcia does not allege that his plea was involuntary for any other reason, we overrule his only point.

## Conclusion

Having overruled Garcia's sole point, we affirm the trial court's judgment.


TERRIE LIVINGSTON
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 16, 2009