COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-092-CR

 

 

JUAN GARCIA                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Juan Garcia appeals his conviction for
driving while intoxicated (DWI), a third degree felony.  See Tex. Penal Code Ann. ' 49.04(a)
(Vernon 2003), ' 49.09(b)(2) (Vernon Supp.
2008).  In his sole point, he contends
that the trial court erred by not admonishing him of the correct range of
punishment before he pled guilty.  We affirm.








                                        Background
Facts

A Tarrant County grand jury indicted Garcia for
DWI.[2]  Garcia waived a jury trial, waived his
constitutional rights, and entered an open guilty plea.  The trial court found Garcia guilty,
convicted him, and sentenced him to ten years=
confinement (probated) and a $1,500 fine. 
Garcia filed his notice of this appeal.

                                 Article
26.13 Admonishment

In his only point, Garcia asserts that his
conviction should be reversed because the trial court failed to admonish him as
to the correct range of punishment under article 26.13 of the code of criminal
procedure, and his plea was therefore allegedly involuntary.  See Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (Vernon 2009).  Specifically,
Garcia contends that the trial court failed to inform him that the range of
punishment included a possible fine not to exceed $10,000.








Article 26.13 requires a trial court, prior to
accepting a guilty plea, to notify a defendant of various facts and conditions
related to the plea.  See id.; Bessey
v. State, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).  The trial court=s
failure to comply with such requirements may be raised for the first time on
appeal.  See Bessey, 239 S.W.3d at
812B13
(characterizing admonishments under article 26.13 as a Awaivable-only
right,@ meaning
that it Acannot
be forfeited and may be raised for the first time on appeal unless it is
expressly waived@).

We conclude that the trial court did not err
because it did admonish Garcia under article 26.13(a)(1) in a document titled, AWritten
Plea Admonishments@ (WPA).  In the WPA, the box for AThird
Degree Felony@ is checked and the range of
punishment is described as two to ten years=
confinement and additionally Aa fine
not to exceed $10,000.@ 
Garcia and his counsel both signed the WPA, and his counsel affirmed
that he had Afully reviewed and explained the
above and foregoing court admonishments . . . to [Garcia].@ 

Thus, we hold that the trial court properly
admonished Garcia about his range of punishment, and because Garcia does not
allege that his plea was involuntary for any other reason, we overrule his only
point.








                                             Conclusion

Having overruled Garcia=s sole
point, we affirm the trial court=s
judgment.

 

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL: CAYCE, C.J.;
LIVINGSTON and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 16, 2009











[1]See Tex. R. App. P. 47.4.





[2]Garcia=s indictment contained a
paragraph alleging that he had two previous DWI convictions.