In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00181-CR

                                                ______________________________

 

 

                                 JEFFERY WAYNE WORTH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                        On Appeal from the 71st Judicial District Court

                                                           Harrison County, Texas

                                                         Trial Court
No. 09-0127X

 

                                                     
                                             

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Jeffery
Wayne Worth pled guilty to two indictments of aggravated robbery with a deadly
weapon containing enhancement charges.[1]  After a hearing on punishment, the trial
court sentenced Worth to thirty years’ concurrent imprisonment in both
causes.  Worth appeals the trial court’s
judgments on the sole ground that he was not properly admonished that
deportation could result if he was not an American citizen.  We affirm the trial court’s judgments because
Worth was admonished of potential deportation for non-American citizens in
writing, and the record contains evidence that Worth is a United States
citizen.[2]


            Before
accepting a guilty plea, a trial court is required to admonish a defendant that
deportation can result if he or she is not a citizen of the United States of
America.  Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (Vernon Supp.
2009).  “The court may make the
admonitions required by this article either orally or in writing.”  Tex.
Code Crim. Proc. Ann. art. 26.13(d) (Vernon Supp. 2009).  

            In both cause numbers, the
trial court provided Worth with written felony admonishments stating, “[i]f the
Defendant is not a citizen of the United States of America, a plea of guilty or
nolo contendere for the offense charges may result in deportation, the
exclusion from admission to this country, or the denial of naturalization under
federal law.”  Worth and his counsel
signed the written admonishments, and they were admitted by the court before
entry of the guilty pleas.  Worth also
told the court he was a United States citizen.[3]  Thus, we find Worth’s complaint on appeal to
be without merit. 

            The
trial court’s judgment in cause number 06-09-00181-CR is affirmed. 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          February
1, 2010

Date Decided:             February
2, 2010

 

Do Not Publish           

 

 

 

 











[1]Worth
appeals from this cause number and judgment entered in cause number
06-09-00182-CR.  

 





[2]Generally,
as a prerequisite to presenting a complaint for our review, a defendant is
required to make a complaint to the trial court below by a timely request,
objection, or motion.  Tex. R. App. P. 33.1.  Worth
did not complain to the trial court about the alleged failure to admonish or
the voluntariness of his guilty pleas either before or after his sentencing,
including in his motions for new trial.  However,
the Texas Court of Criminal Appeals has made clear that a defendant can raise
challenges based on a court’s failure to admonish for the first time on appeal
unless affirmatively waived.  Bessey v. State, 239 S.W.3d 809, 812
(Tex. 2007).   

 





[3]Even
had the trial court failed to admonish Worth, failure to admonish would be
harmless if Worth was a United States citizen. 
Vannortrick v. State, 227
S.W.3d 706, 709 (Tex. Crim. App. 2007).