

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00181-CR

_____

JEFFERY WAYNE WORTH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 09-0127X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jeffery Wayne Worth pled guilty to two indictments of aggravated robbery with a deadly weapon containing enhancement charges.[1] After a hearing on punishment, the trial court sentenced Worth to thirty years' concurrent imprisonment in both causes. Worth appeals the trial court's judgments on the sole ground that he was not properly admonished that deportation could result if he was not an American citizen. We affirm the trial court's judgments because Worth was admonished of potential deportation for non-American citizens in writing, and the record contains evidence that Worth is a United States citizen.[2]

Before accepting a guilty plea, a trial court is required to admonish a defendant that deportation can result if he or she is not a citizen of the United States of America. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon Supp. 2009). "The court may make the admonitions required by this article either orally or in writing." TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp. 2009).

In both cause numbers, the trial court provided Worth with written felony admonishments stating, "[i]f the Defendant is not a citizen of the United States of America, a plea of guilty or

_____

[1]Worth appeals from this cause number and judgment entered in cause number 06-09-00182-CR.

[2]Generally, as a prerequisite to presenting a complaint for our review, a defendant is required to make a complaint to the trial court below by a timely request, objection, or motion. TEX. R. APP. P. 33.1. Worth did not complain to the trial court about the alleged failure to admonish or the voluntariness of his guilty pleas either before or after his sentencing, including in his motions for new trial. However, the Texas Court of Criminal Appeals has made clear that a defendant can raise challenges based on a court's failure to admonish for the first time on appeal unless affirmatively waived. *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. 2007).

nolo contendere for the offense charges may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." Worth and his counsel signed the written admonishments, and they were admitted by the court before entry of the guilty pleas. Worth also told the court he was a United States citizen.[3] Thus, we find Worth's complaint on appeal to be without merit.

The trial court's judgment in cause number 06-09-00181-CR is affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 1, 2010
Date Decided:       February 2, 2010

Do Not Publish

---

[3]Even had the trial court failed to admonish Worth, failure to admonish would be harmless if Worth was a United States citizen.   *Vannortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007).

3