Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00352-CR &
01-09-00353-CR

———————————

Jamar Agomo, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 185th District Court

Harris County, Texas



Trial Court Case No. 1148163 & 1148164

 



 

MEMORANDUM OPINION

Without an
agreed recommendation on punishment, appellant Jamar Agomo pleaded guilty to murder and aggravated assault with
a deadly weapon.  See Tex. Penal
Code Ann. §§ 19.02 (murder), 22.02
(aggravated assault) (West 2011).  He elected to have the jury assess punishment.  The jury sentenced him to life in prison for
murder and 20 years in prison for aggravated assault.  On appeal, Agomo
contends that the trial court reversibly erred by failing to admonish him about
the ranges of potential punishment.  We
affirm.

          Agomo was indicted for murder and for aggravated assault
after he shot his wife and her friend, killing the friend.  He pleaded guilty at a pretrial hearing before
voir dire.  The
trial court did not admonish Agomo about the ranges
of punishment for the charged offenses, but the court did ascertain that his
plea was made freely and voluntarily, that nobody had threatened him, that he was
mentally competent, and that he had consulted with his lawyer before deciding
to plead guilty.  

Voir dire for
the punishment stage was conducted five days later, and the record reflects
that Agomo was present.  During voir dire,
the trial court explained the ranges of punishment several times.  The court stated that murder is a first degree
felony, for which the range of punishment is not less than five years nor more
than 99 years or life in prison and up to a $10,000 fine.  See Tex. Penal Code Ann. § 12.32 (West 2011).  The court also stated that aggravated assault
is a second degree felony, for which the range of punishment is not less than
two years nor more than 20 years in prison and up to a
$10,000 fine.  See id. § 12.33 (West 2011). The prosecutor and defense counsel discussed
the same ranges of punishment in questioning the venire panel.  After the jury was seated, Agomo was arraigned before the jury, and he again pleaded
guilty to both charges.

In his sole issue, Agomo contends that, before accepting his guilty pleas, the
trial court failed to admonish him about the ranges of punishment, as required
by the Texas Code of Criminal Procedure. 
This issue may be raised for the first time on appeal.  See Bessey v. State, 239 S.W.3d 809, 812
(Tex. Crim. App. 2007).  Prior to
accepting a guilty plea, a trial court must admonish a defendant about the
punishment range attached to an offense.  Tex. Code Crim. Proc. Ann. art.
26.13 (West Supp. 2011).  The record reflects, and the State concedes,
that the trial court did not administer the required admonishments.  The trial court clearly erred by failing to do
so.  See
Burnett v. State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002) (holding that
trial court clearly erred by wholly failing to admonish defendant as to
applicable range of punishment).

“Failure to admonish a defendant on
the direct consequences of his guilty plea is statutory rather than
constitutional error.”  Burnett, 88 S.W.3d at 637; see Aguirre-Mata v. State, 992 S.W.2d
495, 499 (Tex. Crim. App. 1999) (holding that trial court’s error in failing to
show on record that it admonished guilty-pleading defendant is subject to
non-constitutional harm analysis under Tex.
R. App. P. 44.2(b)).
 Thus, to determine if reversal is
required, we must consider whether the trial court’s failure to give the
statutory admonishments affected his substantial rights.  Tex. R.
App. P. 44.2(b) (“Any other [i.e., non-constitutional] error, defect,
irregularity, or variance that does not affect substantial rights must be
disregarded.”).

“Neither the appellant nor the
State have any formal burden to show harm or harmlessness under Rule 44.2(b).”  Burnett,
88 S.W.3d at 638.  Rather, an appellate court “must independently
examine the record for indications that a defendant was or was not aware of the
consequences of his plea and whether he was misled or harmed by the trial court’s
failure to admonish him of the punishment range.”  Id.  “Reviewing courts must examine the entire
record to determine whether, on its face, anything in that record suggests that
a defendant did not know the consequences of his plea.”  Id.  In this context, a trial court’s failure to
admonish a defendant will be harmless if the appellate court’s review of the
record as a whole gives “fair assurance that the defendant’s decision to plead
guilty would not have changed had the court admonished him.”  Anderson v. State, 182 S.W.3d 914,
919 (Tex. Crim. App. 2006).

Agomo argues
that the trial court’s error in failing to admonish him concerning the range of
punishment requires reversal.  The record
shows that Agomo was present during voir dire when the trial court explained multiple times
that the range of punishment for murder is not less than five years nor more
than 99 years or life in prison and up to a $10,000 fine and that the range of
punishment for aggravated assault is not less than two years nor more than 20
years in prison and up to a $10,000 fine. 
Both the prosecutor and Agomo’s trial counsel
also explained the full range of punishment during voir
dire.  After voir
dire, Agomo was arraigned before the jury, and he
pleaded guilty.  Agomo
was not formally admonished, and the record does not reflect that he was made
specifically aware of the punishment range at the time of the initial plea.  However, the record is clear that the range
of punishment was repeatedly mentioned in his presence immediately prior to the
subsequent plea, and although he could have changed his plea to “not guilty,” he
nevertheless reaffirmed his plea of guilty.  See
Mendez v. State, 138 S.W.3d 334, 345 (Tex. Crim. App. 2004) (“In a trial
before a jury, the defendant may change the plea from guilty to not guilty at
any time before the jury retires to deliberate its verdict; when trial by jury
has been waived, the defendant may change the plea from guilty to not guilty
until the court pronounces judgment or takes the case under advisement.”).  Having reviewed the record, we find nothing in
it that suggests that Agomo did not know the
punishment consequences of his guilty pleas.  See
Burnett, 88 S.W.3d at 638.  We conclude that the record as a whole gives
fair assurance that Agomo’s decision to plead guilty
would not have changed had the court admonished him, and we hold that the trial
court’s error in failing to give the statutory admonishments was harmless.  See
Anderson, 182 S.W.3d at 919.  We overrule Agomo’s
sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                      Michael
Massengale

                                                                      Justice


 

Panel consists of Justices Jennings, Massengale, and
Huddle.

Do not publish. 
 Tex. R. App. P. 47.2(b).