No. 89-52320-B

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 12 2015

Abel Acosta, Clerk

EX PARTE ALBERT RAY MASON,      §   IN THE 252ND DISTRICT COURT

APPLICANT                       §   OF

HABEAS CORPUS                   §   JEFFERSON COUNTY, TEXAS

APPLICANT'S RESPONSE TO STATE'S ORIGINAL ANSWER

COMES NOW Albert Mason and files this Applicant's Response to State's Original Answer, and in support thereof would show as follows:

I.

Applicant was indeed indicted for aggravated sexual assault, enhanced; and he pleaded guilty in this Court July 5, 1989, to fifteen years in the Texas Department of Criminal Justice-Criminal Institutional Division. No appeal was filed. Applicant's first writ of habeas corpus was dismissed without reaching the merits of the underlying claims. Applicant now files this writ of habeas corpus alleging ineffective assistance of counsel (IAC), and claiming he is suffering collateral consequences due to the requirement to register as a sex offender for life.

II.

First of all, this is not a subsequent writ under the meaning of Texas Code of Criminal Procedure (T.C.C.P.) article 11.07 §4. The first writ was dismissed and the merits of the claims were never reched. This was not considered a final disposition under current case law. See **Ex parte Torres**, 943 SW2d 469, 474 (Tx Cr App 1997). Secondly, Mason is suffering, currently, collateral consequences and will continue to suffer such consequences until his death. He is required to register as a sex offender for life and this is most definitely a collateral consequence of this conviction and sentence that has been fully discharged. " A showing of a collateral

consequence, without more, is now sufficient to establish 'confinement' so as to trigger application of article 11.07." **Ex parte Harrington,** **310 SW3d 452 (Tx Cr App 2010).** The assertion by the State's Attorney that this application is premature is nonsense. Mason has already been required to register and will be required to do so until death.

### III.

The State's argument concerning T.C.C.P. article 26.13(h) is specious at best. It is indeed true that failure to admonish concerning sex offender registration is not cognizable under article 11.07. Since the law to register was not even in effect, it would be ridiculous to challenge the admonishment's failures, and this is not the basis for the current writ.

### IV.

The State makes the spurious claim that **Bessey v State,** 239 SW3d 809 (Tx Cr App 2007) somehow undermines the contention by Mason that he is currently and into the future suffering collateral consequences of the conviction here. Subsequent case law in **Harrington, Id.** clearly indicates that **any** collateral consequence is adequate to satisfy the collateral consequences requirements of 11.07. The current collateral consequences are cognizable on writ.

### V.

Mason has staed facts which, if true, would entitle him to relief. He has done more than state mere conclusions and has submitted proof in the form of exhibits to his writ application that the complained of error did in fact contribute to his conviction and punishment. The record and the exhibits sufficiently suppots his factual allegations with the proof required by a preponderance of the evidence. Mason is in fact entitled to relief from his conviction, and he is innocent.

page 2 Mason/response

## VI.

Under **Strickland v Washington**, 466 US 668 (1984) Mason must show that "his trial counsel's performance was deficient in that counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment" and that "the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial." In a the case of a guilty plea the defendant must show that he would not have pled guilty and would have insisted on a trial but for counsel's deficient advice to plead guilty. See **Hill v Lockhart**, 474 US 52 (1985). In the application filed and the exhibits, along with the record, Mason has established he is entitled to relief under the precendents established by SCOTUS.

WHEREFORE, PREMISES CONSIDERED, Mason prays that this application be in all things granted.

Respectfully submitted,

Albert Mason 1713150
Huntsville Unit
815 12TH St.
Huntsville, TX 77348

## CERTIFICATE OF SERVICE

I, Albert Mason, do hereby declare that on the date indicated below a true and correct copy of the foregoing instrument was sent tot eh Jefferson County District Attorney by first class U.S. Mail, postage prepaid.

Execute this 30TH day of December, 2014.

Albert Mason

No. 89-52320-B

| | | |
|---|---|---|
| EX PARTE ALBERT RAY MASON, | § | IN THE 252ND DISTRICT COURT |
| APPLICANT | § | OF |
| HABEAS CORPUS | § | JEFFERSON, COUNTY, TEXAS |

APPLICANT'S RESPONSE TO STATE'S ORIGINAL ANSWER

COMES NOW Albert Mason and files this Applicant's Response to State's Original Answer, and in support thereof would show as follows:

I.

Applicant was indeed indicted for aggravated sexual assault, enhanced; and he pleaded guilty in this Court July 5, 1989, to fifteen years in the Texas Department of Criminal Justice-Criminal Institutional Division. No appeal was filed. Applicant's first writ of habeas corpus was dismissed without reaching the merits of the underlying claims. Applicant now files this writ of habeas corpus alleging ineffective assistance of counsel (IAC), and claiming he is suffering collateral consequences due to the requirement to register as a sex offender for life.

II.

First of all, this is not a subsequent writ under the meaning of Texas Code of Criminal Procedure (T.C.C.P.) article 11.07 §4. The first writ was dismissed and the merits of the claims were never reched. This was not considered a final disposition under current case law. See Ex parte Torres, 943 SW2d 469, 474 (Tx Cr App 1997). Secondly, Mason is suffering, currently, collateral consequences and will continue to suffer such consequences until his death. He is required to register as a sex offender for life and this is most definitely a collateral consequence of this conviction and sentence that has been fully discharged. " A showing of a collateral

consequence, without more, is now sufficient to establish 'confinement' so as to trigger application of article 11.07." Ex parte Harrington, 310 SW3d 452 (Tx Cr App 2010). The assertion by the State's Attorney that this application is premature is nonsense. Mason has already been required to register and will be required to do so until death.

## III.

The State's argument concerning T.C.C.P. article 26.13(h) is specious at best. It is indeed true that failure to admonish concerning sex offender registration is not cognizable under article 11.07. Since the law to register was not even in effect, it would be ridiculous to challenge the admonishment's failures, and this is not the basis for the current writ.

## IV.

The State makes the spurious claim that Bessey v State, 239 SW3d 809 (Tx Cr App 2007) somehow undermines the contention by Mason that he is currently and into the future suffering collateral consequences of the conviction here. Subsequent caselaw in Harrington, Id. clearly indicates that any collateral consequence is adequate to satisfy the collateral consequences requirements of 11.07. The current collateral consequences are cognizable on writ.

## V.

Mason has staed facts, which, if true, would entitle him to relief. He has done more than state mere conclusions and has submitted proof in the form of exhibits to his writ application that the complained of error did in fact contribute to his conviction and punishment. The record and the exhibits sufficiently suppots his factual allegations with the proof required by a preponderance of the evidence. Mason is in fact entitled to relief from his conviction, and he is innocent.

## VI.

Under **Strickland v Washington**, 466 US 668 (1984) Mason must show that "his trial counsel's performance was deficient in that counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment" and that "the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial." In a the case of a guilty plea the defendant must show that he would not have pled guilty and would have insisted on a trial but for counsel's deficient advice to plead guilty. See **Hill v Lockhart**, 474 US 52 (1985). In the application filed and the exhibits, along with the record, Mason has established he is entitled to relief under the precendents established by SCOTUS.

WHEREFORE, PREMISES CONSIDERED, Mason prays that this application be in all things granted.

Respectfully submitted,

Albert Mason 1713150
Huntsville Unit
815 12TH St.
Huntsville, TX 77348

### CERTIFICATE OF SERVICE

I, Albert Mason, do hereby declare that on the date indicated below a true and correct copy of the foregoing instrument was sent tot eh Jefferson County District Attorney by first class U.S. Mail, postage prepaid.

Execute this 30TH day of December, 2014.

Albert Mason

page 3 Mason/response