

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-16-00122-CR

---

RAMIRO VALENZUELA-RUIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 70,343-B, Honorable Richard Dambold, Presiding

---

December 30, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Ramiro Valenzuela-Ruiz (appellant) appeals his conviction for aggravated assault with a deadly weapon. The sole issue on appeal involves whether he received the effective assistance of counsel at trial. He argues that he did not. We affirm.

One claiming ineffective assistance of counsel bears a two-pronged burden. Not only must he prove by a preponderance of the evidence that his counsel's representation fell below an objective standard of reasonableness but also that the deficient performance prejudiced him. *Clayton v. State*, No. 07-15-00312-CR, 2016 Tex. App. LEXIS 11988, at *6-7 (Tex. App.—Amarillo November 4, 2016, no pet.)

(mem. op., not designated for publication). The failure to satisfy either prong warrants denial of the claim. *Id.* at *7.

Additionally, the record must affirmatively demonstrate the meritorious nature of the claim. *Id.* at *8. The latter requirement is of particular import because we presume trial counsel's performance fell within the range of reasonably professional assistance. *Id.* at *6-7. That we must also be highly deferential to counsel's strategies, if any, is equally true. *Id.* Simply put, we are not free to act as the proverbial armchair quarterback and second guess, with impunity, what counsel should or should not have done. Consequently, revelation of counsel's trial strategies, if any, is of such importance that when the record fails to do so, we have held it insufficient to overcome the presumption of effective performance. *Id.* at *11-12; *accord*, *Escobedo v. State*, No. 07-15-00034-CR, 2016 Tex. App. LEXIS 11214, at *4-6 (Tex. App.—Amarillo October 13, 2016, no pet.) (mem. op., not designated for publication) (first observing that in the usual case, the record on direct appeal is insufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional and concluding that "[a]bsent evidence of counsel's strategy, we cannot denounce counsel's actions as ineffective . . . .").

Turning to the complaint before us, appellant asserts that:

> the defendant's case was dependant [sic] on his credibility, and his ability to convince the jury that he did not shoot at [Josefina]. His attorney mounted zero opposition to a flood of extraneous evidence directly touching on his credibility and propensity to commit crimes—most notably a prior shooting incident that was very similar to the instant offense. Because counsel failed to seek    notice, failed to seek limiting instructions and failed to lodge any objections to the extraneous offenses, his representation can only be categorized as ineffective.

2

In so arguing, little is said in his brief about how the purported deficiency caused him prejudice. We note this not only because such was required to prove a claim of ineffective assistance but also because of the trial's outcome. The proceeding melded two indictments into one trial. Not only was appellant being tried for threatening Josefina with serious bodily injury while exhibiting a deadly weapon but also with discharging a firearm (on or about the same day) at Josefina's husband, Chris.[1] Yet, the jury found appellant guilty of only one of those crimes. Despite appellant's credibility supposedly being crucial to his defense and the suggestion that admitting the extraneous offenses undermined that credibility, the jurors decided to acquit appellant of firing a weapon at Chris. This circumstance coupled with the absence of substantive analysis on the element of prejudice bars us from concluding that appellant established that but for the alleged ineffectiveness there existed a reasonable probability of a different outcome. *See Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016) (stating that the appellant is prejudiced as a result of counsel's errors when, but for those errors, there is a reasonable probability of a different outcome); *Williams v. State*, No. 14-13-00708-CR, 2015 Tex. App. LEXIS 10491, at *20-21 (Tex. App.—Houston [14th Dist.] October 13, 2015, pet. ref'd) (mem. op., not designated for publication) (holding that the appellant failed to satisfy his burden to prove prejudice because his brief did not "point to objective facts in the record to support any lack of confidence in the conviction, *i.e.* proof of prejudice"); *Bessey v. State*, 199 S.W.3d 546, 555 (Tex. App.—Waco 2006), *aff'd in part on other grounds*, 239 S.W.3d 809 (Tex. Crim. App. 2007) (overruling claim because the appellant made "no effort to demonstrate how the record demonstrates prejudice under *Strickland's* second prong.").

---

[1] According to the record, Josefina was appellant's paramour while married to but separated from Chris.

Of further note is the absence of opportunity being afforded trial counsel to explain his trial strategy, if any, pertaining to the extraneous offenses. *See Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (stating that "[i]f trial counsel is not given that opportunity [to explain his conduct], then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it,'" and concluding that because neither the State nor defense counsel were given a chance to respond to the allegation of ineffectiveness the record failed to show deficient performance). It may well be that trial counsel remained silent due to a risky, though acceptable, strategy. And, we cannot say that his conduct was so outrageous that no competent attorney would have engaged in it, especially in view of the success he met in presumably adopting a strategy resulting in an acquittal for one of the two crimes being tried.

The issue is overruled, and the judgment is affirmed.

Per Curiam

Do not publish.