**Opinion issued June 27, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00660-CR

———————————

**BRANDON LADD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 91268-CR**

## MEMORANDUM OPINION

Appellant Brandon Ladd appeals from the judgment convicting him of the offense of theft with two or more previous theft convictions and sentencing him to two years in state jail. *See* TEX. PENAL CODE § 31.03(e)(4)(D). In a single appellate issue, Ladd contends that the trial court erred in rejecting his plea agreement with

the State, treating his plea as an open plea, and sentencing him without allowing him to withdraw his guilty plea. Because Ladd did not object or seek to withdraw his guilty plea at the sentencing hearing, we affirm the trial court's judgment.

## Background

Ladd was indicted for the offense of theft of property valued at less than $2,500, a class A misdemeanor, enhanced to a state jail felony based on seven prior theft convictions. *See id.* (providing that offense of theft is state jail felony if value of stolen property is less than $2,500 and defendant has previously been convicted two or more times of any grade of theft). On June 17, 2021, Ladd and the State signed a plea agreement reflecting that Ladd would plead guilty to the charged offense in exchange for the State's recommendation of a nine-month jail sentence. The agreement also indicated that Ladd would return to court on July 14, 2021, for sentencing. Ladd also signed plea admonishments and a waiver of various rights.

At the plea hearing, Ladd pleaded guilty to the charged theft offense. The State waived five of the seven enhancement allegations in the indictment regarding Ladd's prior theft convictions, and Ladd pleaded true to the two remaining allegations. The trial court orally admonished Ladd, including informing him that the punishment range for the charged offense was not less than 180 days and no more than two years in a state jail facility, plus a potential fine up to $10,000. The trial court informed

Ladd that it was not required to accept the plea recommendation, but if it did not, then Ladd would be allowed to withdraw his plea.

The trial court asked if there was "a plea offer," and the State responded that the offer was nine months in state jail. Ladd's attorney then stated:

> That is the recommendation, and we come back for sentencing on [July] 14th. And as we had discussed earlier with [the State's attorney], if Mr. Ladd was not to appear or was to [renege] on the deal, since he's already pled guilty, waived his right to appeal, he could be sentenced either in absentia or you could reject the 9 months when we come back on the 14th.

The trial court asked Ladd if he understood what the offer was, and he responded affirmatively. Ladd also confirmed that he understood that the trial court would not sentence him until he returned to court the following month on July 14, 2021. The trial court indicated that the delay in sentencing was to give Ladd "some grace time . . . to finish [a] job with [his] dad."

After the State introduced evidence, including the indictment, the plea papers, and the judgments for Ladd's two prior theft convictions, the trial court stated that it was accepting "the plea" and found Ladd guilty. The trial court told Ladd that he was ordered to return to court for sentencing on July 14, 2021. Ladd responded that he would return on that date.

Ladd failed to appear for sentencing on July 14, 2021, and did not return to the trial court for sentencing until August 8, 2022. At that time, the trial court stated, "I am not going to consider the plea agreement in this matter. I told you then if you

did not come back it would be an open plea to the Court and I would sentence you in accordance with that." The trial court noted that it had already accepted his guilty plea and sentenced Ladd to two years in state jail. The trial court also found Ladd in contempt of court and sentenced him to 180 days in county jail.

Ladd made no objections at the time of sentencing and did not ask to withdraw his guilty plea. Ladd also did not file any post-judgment motions.

## Failure to Preserve Claimed Error

In his sole appellate issue, Ladd contends that the trial court erred in rejecting his plea agreement with the State, treating his plea as an open plea, and sentencing him without allowing him to withdraw his guilty plea. The State responds that Ladd did not preserve this issue by objecting in the trial court. We agree.

A plea bargain is a contract between the State and the defendant, and they are bound by the terms of that agreement once it is accepted by the judge. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). The only proper role of the trial court in the plea-bargain process is advising the defendant whether it will follow or reject the agreement. *Id.* at 332. Code of Criminal Procedure article 26.13(a)(2) provides that, if the court rejects the plea-bargain agreement, the defendant shall be permitted to withdraw his guilty plea. TEX. CODE CRIM. PROC. art. 26.13(a)(2).

A trial court may conditionally agree to follow a plea-bargain agreement, but only by delaying the unconditional acceptance or rejection of the agreement until

after the condition of acceptance has been fulfilled. *Moore*, 295 S.W.3d at 332 (citing *Ortiz v. State*, 933 S.W.2d 102, 104 (Tex. Crim. App. 1996)). If, after a conditional acceptance of a plea bargain, the trial court rejects the plea-bargain agreement, the court must still allow the defendant the opportunity to withdraw his guilty plea. *Id.*

The State correctly points out the Court of Criminal Appeals's decision in *Moore* guides the decision in this case. There, Moore and the State reached a plea agreement. *Id.* at 331. At the plea hearing, the trial court offered to postpone sentencing with the condition that, if Moore did not appear for sentencing, his plea would be treated as an open plea. *Id.* Moore failed to appear for sentencing, and the trial court converted his plea into an open plea. *Id.*

On appeal, Moore complained, for the first time, that the trial court had erred by treating his plea as an open plea without giving him the opportunity to withdraw his plea after the trial court rejected the plea agreement during the sentencing hearing. *See id.* at 333. The State argued that Moore "failed to preserve error at trial by neither objecting to the conditions placed on him by the trial court during the plea hearing nor by objecting at the sentencing hearing when the court declared an open plea." *Id.* Moore asserted that the error could be raised for the first time on appeal because the error was "systemic and may be raised for the first time on appeal as an admonishment error under TEX. CODE CRIM. PROC. art. 26.13(a)." *Id.* (citing *Bessey v. State*, 239 S.W.3d 809 (Tex. Crim. App. 2007)). The *Moore* court disagreed,

explaining that the error "[did] not involve the admonishment requirements involved in *Bessey*"; rather, "the error ar[ose] from the trial court's improper intrusion into the plea-bargaining process." *Id.* The court concluded, "The error at issue is not systemic and may not be brought for the first time on appeal." *Id.*

The Court of Criminal Appeals explained that, regardless of whether the trial court had improperly added terms to the plea agreement by requiring Moore to agree to enter an open plea if he failed to appear at his sentencing hearing or whether it had properly conditioned its acceptance of the plea agreement on Moore's appearance, the trial court had been required to permit Moore to withdraw his plea when it rejected the plea agreement during the sentencing hearing. *Id.* at 332–33. However, the Court of Criminal Appeals determined that the record did not support Moore's appellate complaint that the trial court had not permitted him to withdraw his plea. *Id.* at 333. Moore had "agreed to the terms improperly placed on him by the [trial] court and, at sentencing, [Moore] did not move to withdraw his guilty plea, despite having the opportunity to do so." *Id.* The court explained that "[t]he rationale of Rule [of Appellate Procedure] 33.1 is that, if objections are raised before the trial court in a timely manner, those issues may be addressed, and possibly corrected, at trial." *Id.* The *Moore* court ultimately held that, "by not raising the error at either the plea hearing or the sentencing hearing, [Moore] failed to preserve error for review on appeal." *Id.*

Similarly, here, Ladd failed to raise the complaints in the trial court that he now raises on appeal. Ladd indicated at the plea hearing that he understood—as stated by his attorney—that, if he failed to appear at the July 14 sentencing hearing, he "could be sentenced either in absentia or [the trial court] could reject the 9 month[] [sentence]" recommended by the State. Ladd was also admonished during the plea proceedings that he had the right to withdraw his plea if the trial court rejected the plea agreement. And, at the time of the sentencing hearing, Ladd did not move to withdraw his plea, despite having the opportunity to do so. We hold that, by failing to object at the sentencing hearing that the trial court erred in (1) rejecting the plea agreement, (2) treating his plea as an open plea, and (3) sentencing him without allowing him to withdraw his guilty plea, Ladd failed to preserve the alleged error for our review. *See id.*

We overrule Ladd's sole appellate issue.

### Conclusion

We affirm the judgment of the trial court.


Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. Tex. R. App. P. 47.2(b).