**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00311-CR**
_____

**MARK ANTHONY SIGUR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. F23-41308**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Mark Anthony Sigur for felony driving while intoxicated, third or more. *See* Tex. Penal Code Ann. §§ 49.04, 49.09(b). The indictment alleged three prior convictions for driving while intoxicated and three previous felony convictions. Sigur waived a jury trial and Sigur made an open plea, as follows:

> THE COURT: Now, Mr. Sigur, in Cause No. 23-41308, you're charged with the third-degree felony offense of driving while intoxicated from October 7th of 2022, . . . How do you plead to that charge?

1

[Sigur]: No contest.

THE COURT: There's no not contest. Did you do it or did you not do it?

[Sigur]: Guilty.

THE COURT: Are you pleading guilty - -

[Sigur]: Yes, ma'am.

THE COURT: - - freely and voluntarily?

[Sigur]: Yes, ma'am.

THE COURT: And are you pleading guilty because you did what they charged you with?

[Sigur]: Yes, ma'am.

Sigur received Written Plea Admonishments admonishing him of the consequences of his plea and he signed the Stipulations, Waivers & Judicial Admission, stating the following:

> Comes now the defendant, joined by my counsel, and states that I understand the foregoing admonishments from the Court and I am aware of the consequences of my plea. I am mentally competent and my plea is freely and voluntarily made. . . . Joined by my attorney, I give up my right to a jury in this case and my right to the appearance, confrontation and cross examination of the witnesses. I consent to oral and written stipulations and agree that they may be considered as evidence in my case. I have read the charging instrument and my attorney has explained it to me and I committed each and every element alleged. . . . I am guilty of the offense and all lesser included offenses charged against me in this case. I swear that all of the foregoing as well as the testimony I give is the truth, so help me God[.]

Sigur pleaded "true" to two misdemeanor offenses of driving while intoxicated and "not true" to other alleged offenses. The trial court confirmed with Sigur that he understood his rights and the consequences of his plea, and the trial court found that Sigur entered his guilty plea to the charged offense, as well as the pleas of "true" to the two prior misdemeanor counts of driving while intoxicated, freely and voluntarily. The trial court found the evidence of Sigur's guilt sufficient to support the offense as charged. After hearing evidence at the sentencing hearing, the trial court found three of the prior felony convictions alleged for enhancement purposes to be true and sentenced Sigur as a habitual offender to twenty-five years in prison. Sigur timely appealed. In two appellate issues, Sigur argues (1) that the trial court committed reversible error in advising Sigur when he entered his plea because the trial court stated there was "no not contest[,]" and (2) that his plea was involuntary based on the trial court's erroneous advice.

In his first issue, Sigur argues that after he initially pleaded "no contest" to the charged offense, the trial court improperly admonished him that "[t]here's no not contest." A trial court has a statutory duty to properly admonish defendants under article 26.13 of the Texas Code of Criminal Procedure, and "a court's failure to properly admonish a defendant cannot be forfeited and may be raised for the first time on appeal unless it is expressly waived." *Bessey v. State*, 239 S.W.3d 809, 812 (Tex. Crim. App. 2007).

Sigur alleges the trial court's comment constituted an erroneous admonishment. We disagree. When read in context with the complete transcript of the admonishments given by the trial court, we do not interpret the trial court's statement "[t]here's no not contest. Did you do it or did you not do it?" as an erroneous admonishment. The trial court was asking Sigur how he was pleading and whether he did or did not commit the alleged offense. The statement of "[t]here's no not contest[]" was not part of an admonishment. The trial court's admonishment followed after Sigur pleaded guilty. We conclude the statement Sigur complains about was not part of an erroneous admonishment, and Sigur has not established that he has preserved this issue for review because he failed to complain to the trial court. *See* Tex. R. App. P. 33.1(a)(1).

That said, even if Sigur had preserved error, we interpret the trial judge's statements as informing Sigur that she was rejecting his plea of no contest and requiring him to plead either guilty or not guilty, which was within her discretion. *See Irvin v. State*, No. 10-05-00188-CR, 2006 Tex. App. LEXIS 685, at \*\*8-9 (Tex. App.—Waco Jan. 25, 2006, no pet.) (mem. op., not designated for publication) (concluding the trial court did not abuse its discretion by refusing to accept defendant's "nolo contendere" plea and explaining that "[i]f a trial court has no constitutional duty to accept a guilty plea, then a trial court certainly has no constitutional duty to accept a plea of nolo contendere[]"); *see also* Tex. Code Crim.

4

Proc. Ann. art. 27.02(5) (the legal effect of a plea of nolo contendere is "the same as that of a plea of guilty, except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based[.]"). We overrule issue one.

Sigur also failed to preserve his second issue for appellate review. In his second issue, he argues that his plea was involuntary based on the "erroneous advice" of the trial court concerning Sigur's plea of no contest. A defendant's challenge to the voluntariness of his guilty plea must be preserved for appellate review and cannot be raised for the first time on appeal. *Mendez v. State*, 138 S.W.3d 334, 339 n.5 (Tex. Crim. App. 2004). If a defendant fails to bring an alleged error concerning voluntariness of his plea to the trial court's attention, he is deemed to have waived any complaint regarding the error. *See id.* at 338-39 (citing Tex. R. App. P. 33.1). Here, Sigur did not seek to withdraw his guilty plea, and he made no complaint to the trial court that his plea was involuntary. Accordingly, Sigur failed to preserve this issue for our review. *See id.* We overrule issue two.

We affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON<br>Justice

Submitted on March 18, 2025
Opinion Delivered March 26, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

6