COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GERALD HAL BARNETT, | § | No. 08-10-00219-CR |
| Appellant, | § | Appeal from the |
| v. | § | 187th District Court |
| | § | of Bexar County, Texas |
| STATE OF TEXAS, | § | (TC# 2009-CR-8917) |
| Appellee. | § | |

**O P I N I O N**

Gerald Hal Barnett ("Barnett") appeals the trial court's judgments convicting him of two counts of aggravated sexual assault of a child and two counts of indecency with a child.[1]   Raising five points of error, Barnett argues that the trial court erred by permitting an outcry witness to testify to certain events, by excluding impeachment evidence, and by permitting another witness to testify to a previous outcry.   We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

---

[1]  Appellant was convicted of the offenses of aggravated sexual assault of a child as set forth in counts IV and V of the indictment and the offenses of indecency with a child as set forth in counts II and III of the indictment.   Appellant was sentenced to 22 years and 6 months confinement in the Texas Department of Criminal Justice – Institutional Division as to count V of the indictment.   He was sentenced to 15 years confinement as to count IV, and 5 years each, respectively, as to counts II and III of the indictment.   The trial court ordered the sentences to run concurrently.

Barnett was indicted on three counts of aggravated sexual assault of D.R. and two counts of indecency with D.R. At trial, D.R. testified that, on several occasions, when he was twelve- and thriteen-years old, Barnett touched his penis, performed fellatio on him, and made him perform fellatio on Barnett.[2] Diane Rodriguez ("Rodriguez"), the individual designated by the State as the outcry witness, testified at trial that when her son D.R. was fifteen-years old, he told her that Barnett had been sexually assaulting him since he was twelve years old. However, Rodriguez was not the only person to whom D.R. made an outcry. Approximately one year before D.R. told his mother that he had been sexually assaulted by Barnett, D.R. informed M.L., his high-school friend, about the assaults. At trial, M.L. testified to this prior statement.

## ERROR PRESERVATION

To preserve error for appellate review, a party must object with sufficient specificity to make the trial court aware of the complaint and its basis and obtain a ruling on the objection. TEX.R.APP.P. 33.1; *Gutierrez v. State*, 36 S.W.3d 509, 511 (Tex.Crim.App. 2001). Additionally, if the basis of a party's objection raised on appeal varies from the basis of the objection at trial, the party has failed to preserve error for appellate review. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex.Crim.App. 2009); *Hennings v. State*, 343 S.W.3d 433, 441 (Tex.App.--El Paso 2010, no pet.). A party, however, need not preserve error if the right involves a fundamental, systemic, or "waiveable-only" right, the violation of which may be raised for the first time on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex.Crim.App. 2009); *Bessey v. State*, 239 S.W.3d 809, 812 (Tex.Crim.App. 2007); *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993). Unless involving a fundamental, systemic, or "waiveable-only" right, we do not address

---

[2] Because the State abandoned the ten remaining counts in the indictment before trial, we recite only the facts pertinent to the counts the State prosecuted at trial.

the merits of unpreserved error.  *Id*.

## TESTIMONY OF OUTCRY WITNESS

In his first and second points of error, Barnett argues that the trial court violated "Art. 38.072 of the Texas Penal Code"[3] by permitting Rodriguez to testify as an outcry witness to:  (1) events that occurred when D.R. was older than twelve years of age, and (2) additional offenses for which he was not being prosecuted.[4]   The State, on the other hand, contends that Barnett failed to preserve these points of error because the bases of his complaints on appeal vary from the sole basis of his complaint at trial.

### *Applicable Law*

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered into evidence to prove the truth of the matter asserted.   TEX.R.EVID. 801(d).  Hearsay is inadmissible unless an exception applies.  TEX.R.EVID. 802.   One such exception is embodied in Article 38.072 of the Code of Criminal Procedure, which permits the first adult, other than the defendant, to whom the child described the sexual offense he or she suffered to testify

---

[3] In his brief, Barnett repeatedly cites to Article 38.072, and, in separate instances, to Article 38.972 and to Article 37.072, of the Penal Code as the statutory provision governing the admissibility of testimony of an outcry witness. However, there are no Articles 38.072, 38.972, or 37.072 in the Penal Code.   See TEX.PEN.CODE ANN. (West 2011).   Rather, as established below, the correct statutory provision governing the admissibility of outcry-witness testimony is Article 38.072 of the Code of Criminal Procedure.   See TEX.CODE CRIM.PROC.ANN. art. 38.072 (West Supp. 2011).   Rule 38.9 of the Rules of Appellate Procedure mandates that briefs be liberally construed.   See TEX.R.APP.P. 38.9.   Nonetheless, if we determine that "the law and authorities have not been properly cited in the briefs," we have the discretion to require additional briefing.   See TEX.R.APP.P. 38.9(b).   There is no doubt that repeatedly misidentifying the governing statutory provision is worrisome because it casts doubt upon the veracity and accuracy of the contents of the brief.   However, since it is apparent from his argument that Barnett meant to cite to Article 38.072 of the Code of Criminal Procedure, we will construe his brief liberally.

[4] Barnett also asserts that the trial court abused its discretion by permitting D.R. to testify and corroborate Rodriguez's testimony to events that occurred when D.R. was older than twelve years of age and additional offenses for which he was not being prosecuted.   However, Barnett does not provide any argument why permitting D.R. to testify was erroneous.   Instead, his only focus is on attempting to establish error with respect to Rodriguez' testimony.   By failing to support his contention that the trial court erred when it permitted D.R. to testify with any authority or separate analysis, Barnett has waived this point of error on appeal.   See TEX.R.APP.P. 38.1(h).

3

about the child's "outcry." *See* TEX.CODE CRIM.PROC.ANN. art. 38.072 (West Supp. 2011). Because admission of hearsay evidence is not fundamental error, it is axiomatic that the complaining party must have preserved error to argue successfully that the trial court erred in admitting evidence pursuant to Article 38.072. *Moore v. State*, 935 S.W.2d 124, 130 (Tex.Crim.App. 1996).

## *Discussion*

With regard to both his points of error, Barnett asserts that he objected to Rodriguez testifying as an outcry witness and, in support of his assertion, directs us to a particular pinpoint cite in the record. However, as the record establishes, defense counsel's objection concerned her request "to take [Rodriguez] on voir dire to determine if she was the first outcry witness, and if she is not, then we would definitely want to exclude her testimony as not an exception to the hearsay rule." After an exchange between defense counsel and the prosecutor established that Rodriguez was the first adult to whom D.R. made his outcry, the trial court denied defense counsel's request. To the extent that defense counsel objected to the trial court permitting Rodriguez to testify as an outcry witness, she did so only on the basis that Rodriguez was not the first outcry witness. This objection was not specific enough to alert the trial court to Barnett's additional complaints that Rodriguez was not permitted to testify to events that occurred when D.R. was older than twelve years of age and to additional offenses for which he was not being prosecuted. Moreover, Barnett's complaint at trial does not comport with his objections on appeal – objections that Barnett raises for the first time on appeal. Accordingly, Barnett has not preserved his complaints for appellate review. Additionally, because a complaint concerning the admission of hearsay evidence is not fundamental error, we need not address such a complaint on appeal. Barnett's

first and second points of error are overruled.

## EXCLUSION OF IMPEACHMENT EVIDENCE

In his third and fourth points of error, Barnett contends that the trial court violated his Sixth Amendment right to confront his accuser and Rule of Evidence 611(b) when it refused to permit him to introduce D.R.'s social networking history as impeachment evidence of D.R.'s alleged sexual promiscuity and homosexuality. The State, on the other hand, argues that Barnett failed to preserve his complaints as to both points of error. With respect to Barnett's Sixth Amendment complaint, the State asserts that Barnett failed to preserve error because his objection at trial that he wanted to introduce D.R.'s social networking history for impeachment purposes was not broad enough to encompass an additional, unstated objection based on the constitutional right to confront. With respect to Barnett's complaint that the trial court violated Rule of Evidence 611(b), the State maintains that Barnett failed to preserve error because he failed to make an offer of proof so as to preserve the evidence he wanted to introduce for appellate review.

### *Applicable Law - The Sixth Amendment*

Except for criminal convictions, specific instances of conduct by a witness may not be used to impeach the witness's credibility. TEX.R.EVID. 608(b). In a sexual-assault case, the rules of evidence generally prohibit the admission of evidence concerning the victim's past sexual behavior. *See id.;* TEX.R.EVID. 412. The Sixth Amendment, however, guarantees the right of an accused to confront the witnesses against him or her and may occasionally require the admission of evidence that the rules of evidence would exclude. *Lopez v. State*, 18 S.W.3d 220, 225 (Tex.Crim.App. 2000); *see* TEX.R.EVID. 412(b)(permitting admission of evidence of victim's previous sexual conduct if evidence "is constitutionally required to be admitted").

5

However, since the Sixth Amendment right to confront is a trial right, a confrontation clause complaint is not fundamental error and is thus waived on appeal if a defendant fails to object at trial on this basis. *Paredes v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App. 1990), *overruled on other grounds by Karenev v. State*, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009); *Holland v. Stat*e, 802 S.W.2d 696, 700 (Tex.Crim.App. 1991); *Mallory v. State*, 752 S.W.2d 566, 569 (Tex.Crim.App. 1988).

### *Discussion*

Here, the record establishes that defense counsel, the prosecutor, and the trial court had a discussion at the bench when defense counsel attempted to introduce D.R.'s social networking history to show "his personality . . . [and] the demeanor he projects to the public." Defense counsel's stated reason for attempting to introduce this evidence was, "I think it goes toward impeachment." Nowhere in her discussion with the trial court did defense counsel mention the constitutional right to confront. The trial court ruled that the evidence was irrelevant and thus inadmissible. After the discussion at the bench, defense counsel resumed cross-examining D.R. To the extent that defense counsel objected to the trial court's denial of the admittance of D.R.'s social networking history, she objected only on the basis that it should have been admitted for impeachment purposes. This objection was not specific enough to alert the trial court to any claim that the trial court's action violated Barnett's Sixth Amendment right to confront his accuser. Moreover, Barnett's complaint on appeal does not comport with his objection at trial. Accordingly, Barnett has not preserved his complaints for appellate review. Further, because a confrontation clause complaint is not fundamental error, we need not address Barnett's complaint. Barnett's third point of error is overruled.

*Applicable Law - Rule of Evidence 611(b)*

Rule of Evidence 611 governs the interrogation and presentation of witnesses at trial. *See* TEX.R.EVID. 611. Pursuant to Rule 611, the trial court has reasonable discretion to control the mode and order of interrogating witnesses and presenting evidence, including whether to permit a witness to be cross-examined on a matter, such as credibility, that is relevant to an issue. *See* TEX.R.EVID. 611(a), (b). However, to establish that the trial court erred in excluding evidence and preserve the complaint for appellate review, the proponent of the excluded evidence must either perfect an offer of proof or a bill of exceptions or demonstrate that the substance of the excluded evidence was apparent from the context within which questions were asked. TEX.R.EVID. 103; *Guidry v. State*, 9 S.W.3d 133, 153 (Tex.Crim.App. 1999). An informal bill will suffice as an offer of proof when it includes a concise statement of what the evidence would show. *Love v. State*, 861 S.W.2d 899, 901 (Tex.Crim.App. 1993). When counsel intends to rely upon an informal bill to preserve error, the bill must include a summary of the proposed evidence. *Id.*

*Discussion*

In this case, as noted above, defense counsel explained the relevance of questioning D.R. regarding his social networking history, *i.e.*, to impeach D.R. by showing "his personality . . . [and] the demeanor he projects to the public." However, Barnett never made a formal offer of proof or summarized what the proposed evidence would have shown had she been allowed to introduce D.R.'s social networking history. The substance of the excluded evidence was not apparent from the context of the questions defense counsel wanted to ask. Simply put, defense counsel's references to "some things that may have [been] online" and "social networking sites" were

7

insufficient to constitute a formal offer of proof or an informal bill because they do not demonstrate what the substance of the excluded evidence was. Because Barnett's offer of proof failed to include a summary of the proposed testimony, he has failed to preserve error and presents nothing for our review. Accordingly, Barnett's fourth point of error is overruled.

## ADMISSION OF PRIOR STATEMENT

In his fifth and final point of error, Barnett argues that the trial court violated "Art. 37.072 of the Texas Penal Code"[5] by permitting M.L. to testify to an outcry statement made to M.L. by D.R. because the State had not designated M.L. as an outcry witness and therefore M.L.'s testimony was prejudicial hearsay that led to his conviction. The State, on the other hand, argues that M.L's testimony was not hearsay and thus admissible because it was evidence of a prior consistent statement offered pursuant to Rule of Evidence 801(e)(1)(B) to rebut Barnett's allegation that D.R. lied about the sexual abuse.

### *Applicable Law – Error Waived if Evidence Admitted Without Objection*

To preserve error, a party must continue to object each time the objectionable evidence is offered. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex.Crim.App. 2003). Thus, a trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998).

### *Discussion*

In this case, the record establishes that defense counsel, the prosecutor, and the trial court had a discussion at the bench following defense counsel's objection to the prosecutor's attempt to ask M.L. whether she remembered having a certain conversation with D.R. Before defense

---

[5] See footnote one.

counsel could state the basis for her objection, the prosecutor stated that M.L.'s testimony was admissible as an excited utterance discrediting defense counsel's implication that D.R. had lied about the sexual abuse.   Defense counsel responded that M.L.'s testimony was inadmissible hearsay because it was neither an excited utterance nor an outcry statement.   The trial court stated, "I still think it could be hearsay, and it is not going to be the excited utterance."   The prosecutor then offered M.L.'s testimony as a present sense impression.   The trial court stated, "I am going to give you a little leeway . . . We need to get back to the case and the issues in the case . . . ."   After this discussion, the prosecutor resumed questioning M.L.   When the prosecutor again tried to elicit from M.L. the substance of the statement D.R. had made to her, defense counsel objected on the basis that the prosecutor had "not laid a proper foundation for this to be an exception to hearsay."   The prosecutor responded, "[w]e are not getting into the hearsay . . . ."   The trial court stated, "Very well.   Let's proceed . . . ."   Thereafter, M.L. testified that D.R. had told her Barnett had touched him inappropriately.

To the extent that defense counsel objected to the trial court's admittance of M.L.'s testimony, she succeeded in obtaining a ruling only on the basis that M.L.'s testimony was not an excited utterance and not on the basis that M.L. was not a proper outcry witness.   Thus, Barnett failed to preserve error with regard to the complaint that M.L. was not a proper outcry witness. Furthermore, defense counsel never objected to the admittance of M.L.'s testimony on the basis that it was not a present sense impression, as had been argued by the prosecutor, and failed to lodge further objections to M.L. testifying as to the substance of M.L.'s conversation with D.R. in which he revealed to M.L. that Barnett had touched him inappropriately.   Thus, Barnett further failed to preserve error because he failed to continue objecting to the admission of M.L.'s testimony.   As

9

such, Barnett is precluded from showing that the trial court erred or that he suffered harm from the trial court's failure to exclude M.L.'s testimony on the basis that M.L. was not a proper outcry witness since her testimony was received after defense counsel had objected on this basis. Accordingly, Barnett has not preserved his complaint for appellate review. And since, as noted above, admission of hearsay evidence is not fundamental error, we need not address Barnett's complaint on appeal. Barnett's fifth point of error is overruled.

## CONCLUSION

Having overruled all five of Barnett's points of error, we affirm the trial court's judgments.

July 11, 2012

                                    CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)