COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 GERALD HAL BARNETT,
  
                             Appellant,
  
 v.
  
  
 STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-10-00219-CR
  
 Appeal from the
  
 187th
 District Court
  
 of Bexar
 County, Texas 
  
 (TC# 2009-CR-8917) 
  
 
 


 

O
P I N I O N

Gerald Hal Barnett (“Barnett”) appeals the
trial court’s judgments convicting him of two counts of aggravated sexual
assault of a child and two counts of indecency with a child.[1]  Raising five points of error, Barnett argues
that the trial court erred by permitting an outcry witness to testify to
certain events, by excluding impeachment evidence, and by permitting another
witness to testify to a previous outcry. 
We affirm.

            Factual and Procedural Background








            Barnett was indicted on
three counts of aggravated sexual assault of D.R. and two counts of indecency
with D.R.  At trial, D.R. testified that, on several occasions, when he
was twelve- and thriteen-years old, Barnett touched
his penis, performed fellatio on him, and made him perform fellatio on Barnett.[2]  Diane Rodriguez (“Rodriguez”), the individual
designated by the State as the outcry witness, testified at trial that when her
son D.R. was fifteen-years old, he told her that Barnett had been sexually assaulting
him since he was twelve years old.  However,
Rodriguez was not the only person to whom D.R. made an outcry.  Approximately one year before D.R. told his
mother that he had been sexually assaulted by Barnett, D.R. informed M.L., his high-school
friend, about the assaults.  At trial,
M.L. testified to this prior statement.

ERROR PRESERVATION

            To preserve error for appellate review, a
party must object with sufficient specificity to make the trial court aware of
the complaint and its basis and obtain a ruling on the objection.  Tex.R.App.P. 33.1; Gutierrez v. State, 36 S.W.3d 509, 511 (Tex.Crim.App. 2001). 
Additionally, if the basis of a party’s objection raised on appeal
varies from the basis of the objection at trial, the party has failed to preserve
error for appellate review.  Lovill v. State, 319
S.W.3d 687, 691-92 (Tex.Crim.App. 2009); Hennings v. State, 343 S.W.3d 433, 441
(Tex.App.--El Paso 2010, no pet.). 
A party, however, need not preserve error if the right involves a
fundamental, systemic, or “waiveable-only” right, the violation of which may be
raised for the first time on appeal.  Ford v. State, 305 S.W.3d 530, 532 (Tex.Crim.App. 2009); Bessey
v. State, 239 S.W.3d 809, 812 (Tex.Crim.App.
2007); Marin v. State, 851 S.W.2d
275, 280 (Tex.Crim.App. 1993).  Unless involving a fundamental, systemic, or
“waiveable-only” right, we do not address the merits of unpreserved error.  Id.

TESTIMONY
OF OUTCRY WITNESS

In his first and second points of error, Barnett
argues that the trial court violated “Art. 38.072 of
the Texas Penal Code”[3] by
permitting Rodriguez to testify as an outcry witness to:  (1) events that occurred when D.R. was older
than twelve years of age, and (2) additional offenses for which he was not being
prosecuted.[4]  The State, on the other hand, contends that Barnett failed to preserve these
points of error because the bases of his complaints on appeal vary from the sole
basis of his complaint at trial.

Applicable Law

Hearsay is a
statement, other than one made by the declarant while testifying at a trial or
hearing, offered into evidence to prove the truth of the matter asserted.  Tex.R.Evid. 801(d).  Hearsay is inadmissible unless an exception
applies.  Tex.R.Evid. 802.  One such exception is embodied in Article
38.072 of the Code of Criminal Procedure, which permits the first adult, other
than the defendant, to whom the child described the sexual offense he or she
suffered to testify about the child’s
“outcry.”  See Tex.Code Crim.Proc.Ann.
art. 38.072 (West Supp. 2011).  Because
admission of hearsay evidence is not fundamental error, it is axiomatic that
the complaining party must have preserved error to argue successfully that the
trial court erred in admitting evidence pursuant to Article 38.072.  Moore v. State, 935 S.W.2d 124, 130 (Tex.Crim.App.
1996).

Discussion

With regard to both his points of error,
Barnett asserts that he objected to Rodriguez testifying as an outcry witness
and, in support of his assertion, directs us to a particular pinpoint cite in
the record.  However, as the record
establishes, defense counsel’s objection concerned her request “to take
[Rodriguez] on voir dire to determine if she was the first outcry witness, and
if she is not, then we would definitely want to exclude her testimony as not an
exception to the hearsay rule.”  After an
exchange between defense counsel and the prosecutor established that Rodriguez
was the first adult to whom D.R. made his outcry, the trial court denied defense
counsel’s request.  To the extent
that defense counsel objected to the trial court permitting Rodriguez to testify as an outcry witness, she
did so only on the basis that Rodriguez was not the first outcry witness.  This objection was not specific enough to
alert the trial court to Barnett’s additional complaints that Rodriguez was not permitted to testify to
events that occurred when D.R. was older than twelve years of age and to
additional offenses for which he was not being prosecuted.  Moreover, Barnett’s complaint at trial does not comport with his objections on
appeal – objections that Barnett raises for the first time on appeal.  Accordingly, Barnett has not preserved his
complaints for appellate review.  Additionally,
because a complaint concerning the admission of hearsay evidence is not
fundamental error, we need not address such
a complaint on appeal.  Barnett’s first and
second points of error are overruled.

EXCLUSION
OF IMPEACHMENT EVIDENCE

            In his third and fourth points
of error, Barnett contends that the trial court violated his Sixth Amendment
right to confront his accuser and Rule of Evidence 611(b) when it refused to
permit him to introduce D.R.’s social networking history as impeachment evidence
of D.R.’s alleged sexual promiscuity and homosexuality.  The State, on the other hand, argues that
Barnett failed to preserve his complaints as to both points of error.  With respect to Barnett’s Sixth Amendment
complaint, the State asserts that Barnett failed to preserve error because his objection
at trial that he wanted to introduce D.R.’s social networking history for
impeachment purposes was not broad enough to encompass an additional, unstated objection
based on the constitutional right to confront. 
With respect to Barnett’s complaint that the trial court violated Rule
of Evidence 611(b), the State maintains that Barnett failed to preserve error
because he failed to make an offer of proof so as to preserve the evidence he
wanted to introduce for appellate review.

Applicable Law - The Sixth Amendment

Except for criminal convictions, specific
instances of conduct by a witness may not be used to impeach the witness’s
credibility.  Tex.R.Evid. 608(b).  In a sexual-assault case, the rules of
evidence generally prohibit the admission of evidence concerning the victim’s
past sexual behavior.  See id.; Tex.R.Evid. 412.  The
Sixth Amendment, however, guarantees the right of an accused to confront the
witnesses against him or her and may occasionally require the admission of
evidence that the rules of evidence would exclude.  Lopez v.
State, 18 S.W.3d 220, 225 (Tex.Crim.App. 2000); see Tex.R.Evid. 412(b)(permitting
admission of evidence of victim’s previous sexual conduct if evidence “is
constitutionally required to be admitted”). 
However, since the Sixth
Amendment right to confront is a trial right, a confrontation clause
complaint is not fundamental error and
is thus waived on appeal if a defendant fails to object at trial on this
basis.  Paredes v. State, 129 S.W.3d 530, 535 (Tex.Crim.App.
2004); Briggs v. State, 789 S.W.2d 918,
924 (Tex.Crim.App. 1990), overruled on other
grounds by Karenev
v. State, 281 S.W.3d 428, 434 (Tex.Crim.App. 2009); Holland v. State, 802 S.W.2d 696, 700 (Tex.Crim.App.
1991); Mallory v. State, 752 S.W.2d 566,
569 (Tex.Crim.App. 1988).

Discussion

Here, the record establishes that defense counsel,
the prosecutor, and the trial court had a discussion at the bench when defense counsel
attempted to introduce D.R.’s social networking history to show “his
personality . . . [and] the demeanor he projects to the public.”  Defense counsel’s stated reason for
attempting to introduce this evidence was, “I think it goes toward
impeachment.”  Nowhere in her discussion
with the trial court did defense counsel mention the constitutional right to
confront.  The trial court ruled that the
evidence was irrelevant and thus inadmissible. 
After the discussion at the bench, defense counsel resumed
cross-examining D.R.  To the
extent that defense counsel objected to the trial court’s denial of the
admittance of D.R.’s social networking history, she objected only on the basis
that it should have been admitted for impeachment purposes.  This objection was not specific enough to
alert the trial court to any claim that the trial court’s action violated
Barnett’s Sixth Amendment right to confront his accuser. 
Moreover, Barnett’s complaint on
appeal does not comport with his objection at trial.  Accordingly, Barnett has not preserved his
complaints for appellate review.  Further,
because a confrontation clause complaint is not fundamental error, we need not address Barnett’s complaint.  Barnett’s third point of error is overruled.

Applicable Law - Rule of Evidence 611(b) 

Rule of Evidence 611 governs the
interrogation and presentation of witnesses at trial.  See Tex.R.Evid. 611.  Pursuant to Rule 611, the trial court has
reasonable discretion to control the mode and order of interrogating witnesses
and presenting evidence, including whether to permit a witness to be
cross-examined on a matter, such as credibility, that is relevant to an issue.  See
Tex.R.Evid. 611(a), (b).  However, to establish that the trial court
erred in excluding evidence and preserve the complaint for appellate review,
the proponent of the excluded evidence must either perfect an offer of proof or
a bill of exceptions or demonstrate that the substance of the excluded evidence
was apparent from the context within which questions were asked.  Tex.R.Evid. 103; Guidry
v. State, 9 S.W.3d 133, 153 (Tex.Crim.App. 1999).  An
informal bill will suffice as an offer of proof when it includes a concise
statement of what the evidence would show.  Love v.
State, 861 S.W.2d 899, 901 (Tex.Crim.App. 1993).  When counsel intends to rely upon an informal
bill to preserve error, the bill must include a summary of the proposed evidence.  Id.

Discussion

In this case, as noted above, defense counsel
explained the relevance of questioning D.R. regarding his social networking
history, i.e., to impeach D.R. by
showing “his personality . . . [and] the demeanor he projects to the
public.”  However, Barnett never made a
formal offer of proof or summarized what the proposed evidence would have shown
had she been allowed to introduce D.R.’s social networking history.  The substance of the excluded evidence was not
apparent from the context of the questions defense counsel wanted to
ask.  Simply put, defense counsel’s
references to “some things that may have [been] online” and “social networking
sites” were insufficient to constitute a formal offer of proof or an informal bill because they do not
demonstrate what the substance of the excluded evidence was.  Because Barnett’s offer of proof failed to
include a summary of the proposed testimony, he has failed to preserve error
and presents nothing for our review.  Accordingly,
Barnett’s fourth point of error is overruled.

ADMISSION OF PRIOR STATEMENT

            In
his fifth and final point of error, Barnett argues that the trial court
violated “Art. 37.072 of the Texas Penal Code”[5]
by permitting M.L. to testify to an outcry statement made to M.L. by D.R. because
the State had not designated M.L. as an outcry witness and therefore M.L.’s
testimony was prejudicial hearsay that led to his conviction.  The State, on the other hand, argues that
M.L’s testimony was not hearsay and thus admissible because it was evidence of a
prior consistent statement offered pursuant to Rule of Evidence 801(e)(1)(B) to rebut Barnett’s allegation that D.R. lied about
the sexual abuse.

Applicable Law – Error Waived if Evidence
Admitted Without Objection

To preserve error, a party must continue to
object each time the objectionable evidence is offered.  Martinez v. State, 98 S.W.3d 189, 193 (Tex.Crim.App.
2003).  Thus, a trial court’s
erroneous admission of evidence will not require reversal when other such
evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State, 983 S.W.2d 713, 718 (Tex.Crim.App. 1998).

Discussion

In this case, the record establishes that
defense counsel, the prosecutor, and the trial court had a discussion at the
bench following defense counsel’s objection to the prosecutor’s attempt to ask
M.L. whether she remembered having a certain conversation with D.R.  Before defense counsel could state the basis
for her objection, the prosecutor stated that M.L.’s testimony was admissible
as an excited utterance discrediting defense counsel’s implication that D.R.
had lied about the sexual abuse.  Defense
counsel responded that M.L.’s testimony was inadmissible hearsay because it was
neither an excited utterance nor an outcry statement.  The trial court stated, “I still think it
could be hearsay, and it is not going to be the excited utterance.”  The prosecutor then offered M.L.’s testimony
as a present sense impression.  The trial
court stated, “I am going to give you a little leeway . . . We need to get back
to the case and the issues in the case . . . . ”  After this discussion, the prosecutor resumed questioning
M.L.  When the prosecutor again tried to
elicit from M.L. the substance of the statement D.R. had made to her, defense
counsel objected on the basis that the prosecutor had “not laid a proper foundation
for this to be an exception to hearsay.” 
The prosecutor responded, “[w]e are not getting
into the hearsay . . . .”  The trial
court stated, “Very well.  Let’s proceed .
. . .”  Thereafter, M.L. testified that
D.R. had told her Barnett had touched him inappropriately.

To the extent that
defense counsel objected to the trial court’s admittance of M.L.’s testimony,
she succeeded in obtaining a ruling only on the basis that M.L.’s testimony was
not an excited utterance and not on the basis that M.L. was not a proper outcry
witness.  Thus, Barnett failed to
preserve error with regard to the complaint that M.L. was not a proper outcry
witness.  Furthermore, defense counsel
never objected to the admittance of M.L.’s testimony on the basis that it was
not a present sense impression, as had been argued by the prosecutor, and failed
to lodge further objections to M.L.
testifying as to the substance of M.L.’s conversation with D.R. in which he
revealed to M.L. that Barnett had touched him inappropriately.  Thus, Barnett further failed to preserve error because he failed to continue
objecting to the admission of M.L.’s testimony. 
As such, Barnett is precluded from showing that the trial court erred or
that he suffered harm from the trial court’s failure to exclude M.L.’s
testimony on the basis that M.L. was not a proper outcry witness since her
testimony was received after defense counsel had objected on this basis.  Accordingly, Barnett has not preserved his
complaint for appellate review.  And
since, as noted above, admission of hearsay evidence is not fundamental
error, we need not address Barnett’s complaint on appeal.  Barnett’s
fifth point of error is overruled.

CONCLUSION

            Having
overruled all five of Barnett’s points of error, we affirm the trial court’s judgments.

 

 

July 11, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff,
JJ.

 

(Do Not Publish)











[1]
Appellant was convicted of the offenses of aggravated sexual assault of a child
as set forth in counts IV and V of the indictment and the offenses of indecency
with a child as set forth in counts II and III of the indictment.  Appellant was sentenced to 22 years and 6
months confinement in the Texas Department of Criminal Justice – Institutional
Division as to count V of the indictment. 
He was sentenced to 15 years confinement as to count IV, and 5 years
each, respectively, as to counts II and III of the indictment.  The trial court ordered the sentences to run
concurrently.





[2]
Because the State abandoned the ten remaining counts in the indictment before
trial, we recite only the facts pertinent to the counts the State prosecuted at
trial.





[3]
In his brief, Barnett repeatedly cites to Article 38.072, and, in separate
instances, to Article 38.972 and to Article 37.072, of the Penal Code as the
statutory provision governing the admissibility of testimony of an outcry
witness.  However, there are no Articles
38.072, 38.972, or 37.072 in the Penal Code. 
See Tex.Pen.Code Ann. (West 2011).  Rather, as established below, the correct
statutory provision governing the admissibility of outcry-witness testimony is
Article 38.072 of the Code of Criminal Procedure.  See
Tex.Code Crim.Proc.Ann.
art. 38.072 (West Supp. 2011).  Rule 38.9
of the Rules of Appellate Procedure mandates that briefs be liberally
construed.  See Tex.R.App.P. 38.9.  Nonetheless, if we determine that “the
law and authorities have not been properly cited in the briefs,” we have the
discretion to require additional briefing. 
See Tex.R.App.P. 38.9(b).  There is no doubt that repeatedly
misidentifying the governing statutory provision is worrisome because it casts
doubt upon the veracity and accuracy of the contents of the brief.  However, since it is apparent from his
argument that Barnett meant to cite to Article 38.072 of the Code of Criminal
Procedure, we will construe his brief liberally.

 





[4]
Barnett also asserts that the trial
court abused its discretion by permitting D.R. to testify and corroborate
Rodriguez’s testimony to events that occurred when D.R. was older than twelve years
of age and additional offenses for which he was not being prosecuted.  However, Barnett does not provide any argument
why permitting D.R. to testify was erroneous. 
Instead, his only focus is on attempting to establish error with respect
to Rodriguez’ testimony.  By failing to
support his contention that the trial court erred when it permitted D.R. to
testify with any authority or separate analysis, Barnett has waived this point
of error on appeal.  See Tex.R.App.P. 38.1(h).





[5]
See footnote one.