**Affirmed and Opinion Filed August 30, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00212-CR
### No. 05-20-00213-CR

### JAILEN LATRELL MATTHEWS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause Nos. F18-76633-M and F18-76635-M

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

Appellant Jailen Latrell Matthews was indicted for aggravated assault with a deadly weapon in Cause Numbers F18-76633-M and F18-76635-M. He entered pleas of "no contest" to both charges, and the cases proceeded to trial before the court. Finding sufficient evidence of appellant's guilt, the trial court sentenced appellant to twenty years' imprisonment for each assault. In one issue, appellant complains that the trial court failed to admonish him regarding the punishment range for his offenses. In addition, appellant and the State agree that the judgment in each

case should be modified to reflect that appellant did not enter into plea bargain agreements with the State. We modify the judgments as agreed and affirm.

## BACKGROUND

On October 30, 2018, Justin Villanueva, his girlfriend Christina ("Nina") Rivas, and Nina's brother were sitting in Justin's car smoking "weed." Appellant approached the car and asked to buy a gram of marijuana. Justin recognized appellant because they had attended the same high school and both had played football there. Justin, a drug dealer, sold the marijuana to appellant, and appellant walked away. As Justin and Nina rolled marijuana blunts, appellant walked back up to the car, opened the door, pointed a gun at Nina, and demanded that Justin and Nina "[r]un me that shit," or "give me everything." Justin laughed and refused but then grabbed Nina to shield her with his body to protect her from being shot. Appellant shot the gun numerous times, then ran away.

Nina did not know or recognize appellant at the time of the shooting. She was scared when appellant pointed the gun at her face and thought he was going to shoot her. Justin testified that Nina was screaming and crying as appellant started shooting.

Nina's brother chased appellant. Justin did not immediately realize he had been shot. A bullet entered the left side of his back, broke his collarbone, and lodged near his heart. When police interviewed Justin at the hospital, he was not forthcoming about the shooting or about appellant's identity because he wanted to "take matters into my own hands at first." But both Justin and Nina later cooperated

–2–

with the police investigation. Appellant was subsequently indicted in two cases for second-degree aggravated assault with a deadly weapon.

At the time of his indictment, appellant had entered into plea bargain agreements with the State in two other felony cases (second-degree burglary of a habitation and state-jail theft from a person) and was serving deferred-adjudication community supervision in those cases. The State moved to adjudicate appellant's guilt in the two prior felony cases, alleging that appellant had committed violations of his community supervision. Appellant entered pleas of no contest to the aggravated assault charges and pleas of not true to the State's motions to adjudicate his guilt in the two prior felonies.

After hearing evidence, the trial court found appellant guilty of the aggravated assaults and made affirmative deadly-weapon findings. The trial court also found the State's allegations in the two prior felony cases to be true, found appellant guilty in those cases, and revoked appellant's community supervision. The court sentenced appellant to twenty years' imprisonment for each aggravated assault, ten years for burglary of a habitation, and 180 days' confinement in state jail for theft.

Appellant filed motions for new trial that were overruled by operation of law and timely notices of appeal of the trial court's judgments in the aggravated assault cases. Appellant has not appealed the trial court's rulings revoking his community supervision in the two prior felony cases.

## ISSUE AND STANDARD OF REVIEW

In a single issue, appellant contends the trial court erred by failing to admonish him of the punishment range for his offenses "as required by Code of Criminal Procedure, article 26.13." Appellant's statement of the issue also includes the complaint that the trial court's failure to admonish him "render[ed] his pleas involuntary under the Due Process Clause." Read broadly, this issue states two separate complaints governed by two different standards of review.

Appellant's complaint under article 26.13 is reviewed as non-constitutional error under appellate procedure rule 44.2(b). *Bessey v. State*, 239 S.W.3d 809, 813 (Tex. Crim. App. 2007). His due process complaint is reviewed as constitutional error under appellate procedure rule 44.2(a). *Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013). Although appellant cites and discusses *Boykin v. Alabama*, 395 U.S. 238 (1969)—authority for his due process complaint—he requests review only under rule 44.2(b) for non-constitutional error.

The State argues we need not consider the due process complaint because appellant's issue is multifarious. The State relies on two opinions not designated for publication in which the courts declined to consider a due process claim combined in a single issue with an article 26.13 claim.[1] In the alternative, the State argues that

---

[1] *See Pender v. State*, No. 02-13-00400-CR, 2014 WL 1859110, at *1 (Tex. App.—Fort Worth May 8, 2014, no pet.) (mem. op., not designated for publication) (single issue that conflated the two complaints presented nothing for the court's review regarding the Due Process Clause); *Sherrill v. State*, No. 06-05-00159-CR, 2005 WL 3555581, at *3, n.3 (Tex. App.—Texarkana Dec. 30, 2005, no pet.) (mem. op. not

–4–

neither complaint is ground for reversal. Although we agree with the State that appellant's issue is multifarious, we can discern "with reasonable certainty, the alleged error about which the complaint is made." *See Thomas v. State*, 615 S.W.3d 552, 566 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (internal quotation omitted) (considering multifarious issue where error complained of was reasonably certain). Under these circumstances, we may review appellant's due process argument in the interest of justice. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010) (reviewing multifarious issue in the interest of justice). We do so, however, only after considering appellant's principal argument under article 26.13.

## ADMONISHMENT OF PUNISHMENT RANGE

**1. Article 26.13(a)(1)**

Before a trial court may accept a plea of nolo contendere, it must admonish the defendant of the range of punishment attached to the offense. TEX. CODE CRIM. PROC. art. 26.13(a)(1). Substantial compliance with article 26.13(a) is sufficient "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." TEX. CODE CRIM. PROC. art. 26.13(c).

---

designated for publication) (sole issue asserting violations of both article 26.13 and due process was multifarious). More recently, the court in *Williams v. State*, No. 02-19-00484-CR, 2020 WL 6066198, at *2 (Tex. App.—Fort Worth Oct. 15, 2020, no pet.) (mem. op., not designated for publication) followed its analysis in *Pender* and reached the same conclusion.

"A trial court's failure to properly admonish a defendant is subject to the harm analysis of Rule of Appellate Procedure 44.2(b): 'Any other [than constitutional] error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.'" *Bessey*, 239 S.W.3d at 813 (quoting rule 44.2(b)). "In applying Rule 44.2(b) to the failure to give an admonition, the court considers the record as a whole to determine whether, in this particular case, the error affected substantial rights. If it did, it is not harmless error." *Id.* (citation omitted). "[T]o warrant reversal on direct appeal, the record must support an inference that appellant *did not know* the consequences of his plea." *Burnett v. State*, 88 S.W.3d 633, 638 (Tex. Crim. App. 2002).

Neither party has a formal burden to show harmlessness under rule 44.2(b). *Id.* "Rather, it is the appellate court's duty to assess harm after a proper review of the record." *Id.* (internal quotation omitted). "'Harm' in this context means the appellant probably would not have pleaded guilty but for the failure to admonish." *Webb v. State*, 156 S.W.3d 653, 656 (Tex. App.—Dallas 2005, pet. ref'd). If the reviewing court has "grave doubt" about whether the error had "substantial influence" on the outcome of the proceeding, then it "must treat the error as if it did." *Id.* at 655. "'Grave doubt' occurs when the matter is so evenly balanced that the reviewing court believes the record is 'in virtual equipoise as to the harmlessness of the error.'" *Id.* at 655–56 (quoting *Burnett*, 88 S.W.3d at 637–38).

In reviewing the record, the "critical question" is whether there is "a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him." *VanNortrick v. State*, 227 S.W.3d 706, 709 (Tex. Crim. App. 2007). In *Bessey*, the court considered "the strength of the evidence of guilt" as well as the defendant's awareness of the plea's consequences. *See Bessey*, 239 S.W.3d at 813. In *Burnett*, the court concluded nothing in the record supported an inference "that 1) appellant was unaware of the consequences of his plea; or 2) the trial judge's failure to admonish him misled appellant into pleading guilty because he did not know the applicable range of punishment." *Burnett*, 88 S.W.3d at 635; *see also Webb*, 156 S.W.3d at 656 (appellate court must assess harm by "independently examin[ing] the record for indications that appellant was or was not aware of the consequences of his plea and whether he was misled or harmed by the trial court's failure to admonish").

Our review of the record indicates that the evidence of appellant's guilt was strong. *See Bessey*, 239 S.W.3d at 813. Although initially a reluctant witness, Justin testified at trial that he recognized and identified appellant from high school. Justin and Nina both testified that appellant pointed a gun at Nina and actually shot and injured Justin. The record also reflects that appellant recognized the strength of the evidence. At the admonishment hearing the week before commencement of trial, appellant's trial counsel mentioned "some of the facts" of the case as the basis for

discussion with appellant about a possible plea. Appellant, his attorney, and an attorney for the State were present. Appellant was sworn and testified as follows:

DIRECT EXAMINATION

BY MR. QUEZADA [appellant's attorney]:

Q Mr. Matthews, this is what we refer to as a formal admonishment. I wanted to get a few things on the record. You and I have discussed your case quite a few times. Certainly within the last couple of weeks, we have gone back and forth in terms of negotiations as well as talk about some of the facts and some of what you know and what we can do to try to resolve this matter. I gave you several options. One of which included having an open plea. Another of which included having some type of an agreed plea on all the cases. I also discussed with you the possibility of having a jury trial. And the possibility of having what is referred to as a TBC or a trial before the Court, where basically Judge White will function as sort of the finder of fact and finder of law. Basically he kind of functions as jury for determination of the trial. You understand all that?

A Yes, sir.

Q And I have also talked to you about the fact that you do have two matters also, because you were currently on probation as well, correct? And we talked about kind of that would be together with whatever we have pending in terms of the new case, correct?

A Yes, sir.

Q And so after discussing all those different options, how did you want to proceed in this matter?

A Still going to do what we had—what we talked about.

Q So we are clear for the record.

A TBC.

Q That means you wish to waive your right to a jury trial and go forward on a trial before the Court; is that correct?

A Yes, sir.

Q Okay. And so you—and that's something that I have not forced you to do that or nobody else has forced you to do that. Just after discussing all the different options, that's the one that you elected me to attempt to pursue; is that correct?

A Yes, sir.

MR. QUEZADA: Thank you, I pass the witness. Although I did want to get the State's last offer in this case sort of on the record for my client to accept or reject.

THE COURT: Very well. You may put the offer on the record.

MS. AULBAUGH [State's attorney]: My last offer, Judge, was ten years TDC.

And I don't have any questions for purposes of this hearing. And I do also agree to waive jury trial and proceed to a bench trial.

THE COURT: Very well.

MR. QUEZADA: Mr. Matthews, again for the record, you have overheard the offer of ten years on these cases, are you accepting or rejecting that at this time?

THE DEFENDANT: Rejecting.

We also conclude that the record reflects appellant's awareness of the consequences of his plea and does not reflect that appellant would have made a different plea had he been properly admonished. *See Burnett*, 88 S.W.3d at 635; *Webb*, 156 S.W.3d at 656. During the punishment phase of the trial, appellant's counsel argued that appellant chose the plea of "no contest" to expand the options for possible sentencing:

> We understand that the Court has lots of options available to it. One, the reason we did begin this matter with a plea of no contest, so if the Court did make a finding of guilt with regard to the cases that the Court had before it, that we would leave the open possibility that he could be placed on deferred supervision for these offenses.

The record also reflects that at the time of the aggravated assaults in October 2018, appellant was serving terms of community supervision pursuant to plea bargain agreements for the second-degree felony of burglary of a habitation and a state-jail theft. The State filed motions to adjudicate appellant's guilt in those cases that were heard in the same proceeding as the aggravated assaults that are at issue in this appeal. Our record does not include the clerk's and reporter's records relating to those offenses because appellant has not challenged the trial court's revocation of his community supervision in those cases. The record does reflect, however, that appellant entered into plea agreements with the State for those offenses.[2] As the State

---

[2] The reporter's record reflects that at the beginning of trial, the court read out the four cause numbers and announced that all were "set for trial before the Court today." The court noted that in two cases, appellant was placed on community supervision and the State had filed a motion alleging violations of specific terms and conditions of community supervision in each case. Appellant confirmed that he had received a copy of the State's motion in each case, and declined the court's offer to read all the allegations

–10–

argues, "[s]erving community supervision on a negotiated plea to a second degree felony in a prior case reflects an awareness of the punishment range for a second-degree felony."

In sum, the record lacks evidence that appellant did not know the punishment range, and there is some evidence that he did know. *See Burnett*, 88 S.W.3d at 639. The quoted exchange reveals that appellant and his counsel had discussed appellant's options for pleas and for trial. Further, appellant had recently entered into a plea bargain for another second-degree felony offense. Consequently, although the trial court erred by failing to admonish appellant as required by article 26.13(a), after reviewing the record as a whole, we do not have "grave doubt" about whether appellant's conviction "was free from the substantial influence of the error." *See Webb*, 156 S.W.3d at 656. We conclude there is "a fair assurance that the defendant's decision to plead guilty would not have changed had the court admonished him." *See Loch v. State*, 621 S.W.3d 279, 282 (Tex. Crim. App. 2021) (concluding that, based on entire record, there was fair assurance appellant would not have changed his plea if properly admonished). Under these circumstances, we conclude that appellant's substantial rights were not affected, *see id.*, and we decide this portion of appellant's issue against him.

**2. Due process**

---

to him. Appellant then pleaded "not true" to the allegations. At the trial's conclusion, the court granted the State's motions and sentenced appellant in all four cases.

–11–

A violation of constitutional due process occurs when a trial court accepts a guilty plea without an affirmative showing "spread on the record" that the guilty plea was voluntary. *Boykin*, 395 U.S. at 242–43. The Court in *Boykin* did not define what must be "spread on the record" to satisfy due process other than generally to require that a guilty-pleading defendant have a "full understanding" of what his plea connotes and its consequences. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 475 (Tex. Crim. App. 2003). Under *Boykin*, specific admonishments such as those in article 26.13(a) are not required. *See id.* As long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. *See Davison*, 405 S.W.3d at 687.

As we have discussed, appellant's contention that his due process rights were violated is different from his complaint under article 26.13. In *Davison*, the court explained: "We have taken care in our case law to differentiate appellate claims based upon a violation of the statutory admonishment requirement of Article 26.13 from appellate claims based upon due process—that a guilty plea was involuntary because inadequately informed." *Davison*, 405 S.W.3d at 691. The State responds that even if this complaint is adequately briefed, appellant was not denied due process by the trial court's failure to admonish him of the applicable punishment range.

We review this complaint under the standard of review for constitutional error. *See* Tex. R. App. P. 44.2(a) (standard of review for constitutional error in

–12–

criminal cases); *Davison*, 405 S.W.3d at 691 (claim of constitutional error under *Boykin* is governed by rule 44.2(a)). Under this standard, we must reverse the judgment of conviction or punishment unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a).

*Boykin* requires that "the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Davison*, 405 S.W.3d at 687 (internal quotation omitted). As the court in *Davison* explained,

> So long as the record *otherwise* affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. For the appellant to prevail on his constitutional claim, therefore, it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent.

*Id.* "*Boykin* clearly did not hold that due process requires the equivalent of the Article 26.13(a) admonishments or an admonishment on the range of punishment." *Id.* (internal quotation omitted).

Here, as we have discussed, the record as a whole reflects that appellant's no-contest pleas were made after discussing the options for trial with his counsel and subsequent to his plea bargain on another second-degree felony offense. After reviewing the entire record, we conclude appellant was aware of "the requisite information to render his [no contest] plea voluntary and intelligent." *See id.* Consequently, we conclude beyond a reasonable doubt that the trial court's error in

failing to admonish appellant of the punishment range did not contribute to appellant's conviction or punishment. *See* TEX. R. APP. P. 44.2(a). We decide appellant's sole issue against him.

**MODIFICATION OF JUDGMENTS**

The parties agree that the judgments should be modified to show that appellant did not enter into plea bargain agreements in each of these cases. When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (courts of appeals have authority to modify a judgment); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.) (same).

Accordingly, we modify the judgments in Cause No. F18-76633-M and Cause No. F18-76635-M to reflect that appellant did not enter into a plea bargain agreement in either case.

**CONCLUSION**

As modified, we affirm the trial court's judgments.

200212f.u05

200213f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

–14–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAILEN LATRELL MATTHEWS, Appellant

No. 05-20-00212-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1876635-M. Opinion delivered by Justice Osborne. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**MODIFIED** as follows:

To reflect that appellant did not enter into a plea bargain agreement.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of August, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JAILEN LATRELL MATTHEWS,
Appellant

No. 05-20-00213-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1876633-M.
Opinion delivered by Justice
Osborne. Justices Pedersen, III and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**MODIFIED** as follows:

To reflect that appellant did not enter into a plea bargain agreement.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of August, 2021.